SHAW, P. J.
By count I of the complaint the defendant was charged with violation of section 367d of the Penal Code, which provides that “any person operating or driving an automobile, motorcycle or other motor vehicle who becomes or is intoxicated while so engaged in operating or driving such automobile, motorcycle or other motor vehicle shall-be guilty of a misdemeanor.” This section was adopted in 1911 and has not since been amended.
In 1913 an act designated as the “motor vehicle act” was passed, section 17 of which provided that “no intoxicated *Supp. 777 person shall operate or drive a motor or other vehicle upon any public highway within this state.” (Stats. 1913, p. 646.) In 1915 this act was repealed, and another act designated as the “Vehicle Act” was passed, which contained a section 17 identical with that just quoted from the act of 1913. (Stats. 1915, p. 406.) Section 17 of the act of 1915 was amended in 1917. (Stats. 1917, p. 400.) By these acts the violation of the provisions referred to was made a misdemeanor. In 1919 section 17 of the act of 1915 was again amended to provide that “no person who is under the influence of intoxicating liquor . . . shall operate or drive a motor or other vehicle on any public highway within this state”, and to make a violation of this provision punishable by either a fine or imprisonment in the county jail or the state prison. (Stats. 1919, p." 214.) In 1923 the act of 1915 and its amendments were repealed and a new act known as the “California Vehicle Act” was passed. (Stats. 1923, p. 517.) Section 112 of this act was substantially the same as the 1919 amendment of section 17 of the act of 1915, both as to substance and penalty. In 1929 the prohibitory provision of section 112 of this act was amended to read in part, “It shall be unlawful for any person . . . who is under the influence of intoxicating liquor ... to drive a vehicle on any public highway within this state”, and the penalty was left as before, that is, either fine or imprisonment in county jail or state prison. (Stats. 1929, p. 537.) No further amendments have been made.
Thus it appears that all these provisions of the various vehicle acts are subsequent in point of time to section 367d of the Penal Code. It is also obvious that the former overlap the latter, both sets of provisions covering the driving of a motor vehicle on a public highway. The Penal Code section makes it unlawful for any person doing such driving to be intoxicated while doing so, and the present provision of the California Vehicle Act, like its immediate predecessors, makes it unlawful for any' person who is under the influence of intoxicating liquor to do such driving. The phrase, “under the influence of intoxicating liquor”, as used in the vehicle acts, is synonymous with the word “intoxicated” used in the Penal Code section. (See People v. Dingle, 56 Cal. App. 445, 452, 453 [205 Pac. 705]; People v. Ekstromer, 71 Cal. App. 239, 244, 245 [235 Pac. 69]; People v. McKee, 80 Cal. App. 200, 205 [251 Pac. 675].) *Supp. 778 There is no substantial difference between these two provisions. The fact that one of them makes it unlawful for an intoxicated person to drive, while the other forbids a driver to be intoxicated, affords no basis for any distinction between them. By both of them the concurrence of intoxication with the driving of a motor vehicle on a public highway makes out the offense.
In view of what we have just said, certain well-established rules make it clear that section 367d of the Penal Code can no longer be regarded as in force except in regard to offenses not covered by the vehicle acts, such as the driving of a motor vehicle on private ground by one who is intoxicated. Where two legislative enactments punish exactly the same act they are in conflict. (People v. Schuster, 122 Cal. App. (Supp.) 790, 793 [10 Pac. (2d) 204]; Ex parte Stephen, 114 Cal. 278, 282 [46 Pac. 86]; In re Murphy, 190 Cal. 286, 290 [212 Pac. 30]; In re Mingo, 190 Cal. 769, 771 [214 Pac. 850].) Where two statutory provisions are in irreconcilable conflict, the one latest in point of time will control. (Beneficial Loan Soc., Ltd., v. Haight, 215 Cal. 506, 512 [11 Pac. (2d) 857]; Crooks v. People’s Finance & Thrift Co., 111 Cal. App. (Supp.) 769, 773 [292 Pac. 1065]; People v. Schuster, supra.) A later statute prescribing a different punishment for an offense works a repeal of' the former one by implication. (People v. Tisdale, 57 Cal. 104.)
This question appears never to have received consideration from any of the higher courts of this state. In People v. Collins, 195 Cal. 325, 344 et seq. [233 Pac. 97], People v. Lloyd, 97 Cal. App. 664, 670 [275 Pac. 1010], and People v. Aguilar, 140 Cal. App. 87 [35 Pac. (2d) 137, 141], reference was made to the Penal Code section and to one or more of the vehicle act sections above cited, but no opinion was expressed regarding their effect on each other. In re Quitman, 116 Cal. App. 59 [2 Pac. (2d) 41], held, on habeas corpus, that a commitment issued under section 367d of the Penal Code, presumably in 1931, that being the year of the decision, was valid. However, the opinion makes no reference to section 112 of the vehicle act, nor does it show that the question now before us was either raised or considered. For all that appears the complaint on which the commitment there was based may have charged some offense committed on private property and therefore still within *Supp. 779 the reach of section 367d. We cannot regard that ease as authority against our conclusion.
The complaint in the present case does not show whether the offense charged occurred on a public highway. The great majority of such offenses are committed there, and we do not think the provision of the vehicle act should be regarded as a mere exception to the Penal Code section, so as to uphold a complaint which does not state the place of the offense and cast on the defendant the burden of proving that his acts occurred on a public highway. The tail should not be expected so to wag the dog. Moreover, the evidence shows that the acts complained of in this case did occur on a public highway and hence could be prosecuted only under the vehicle act.
 The complaint does not charge an offense under that act, and if we could overlook this deficiency, in view of the sufficiency of the evidence to prove such an offense, we would be confronted with the difficulty that by reason of the imprisonment in the state prison which is a possible penalty for violation of section 112, every such violation stands as a felony for every purpose up to judgment and must be prosecuted as a felony. (People v. War, 20 Cal. 117, 120; People v. Collins, 195 Cal. 325, 347 [233 Pac. 97]; Doble v. Superior Court, 197 Cal. 556, 577 [241 Pac. 852]; Morris v. Moore, 61 Cal. App. 314, 320 [214 Pac. 995].) Consequently this offense cannot be prosecuted in the municipal court, which has no felony jurisdiction, but is limited in criminal cases to misdemeanors.
The charge in count II is a violation of section 121, of the vehicle act, commonly called reckless driving. We have examined the evidence, and while it is conflicting, that given in behalf of the prosecution, with the possible inferences therefrom, is sufficient to uphold the verdict on this count.
The judgment on count I is reversed and the cause is remanded to the municipal court with directions to dismiss said count. The judgment on count II is modified by striking therefrom the provision that “sentence on count II to commence upon the expiration of sentence imposed this day on count I” and as so modified it is affirmed.
Bishop, J., and Fox, J., concurred.