[L. A. No. 15444. In Bank.—September 24, 1937.]

FIRST CONGREGATIONAL CHURCH OF GLENDALE (a Religious Corporation), Appellant, v. COUNTY OF LOS ANGELES et al., Respondents.

James P. Mackel for Appellant.

Everett W. Mattoon, County Counsel, D. De Coster, Chief Deputy County Counsel and Gordon Boller, Deputy County Counsel, for Respondents.

Holmes L. Martin, as *Amicus Curiae* for Appellant.

EDMONDS, J.—The appellant is a religious corporation owning real property which it claims is exempt from taxation under the provisions of section 1½ of article XIII of the Constitution of California. In the year 1930 it failed to file an affidavit stating facts concerning the ownership and use of the property for religious purposes as required by section 3611 of the Political Code. Thereafter, on June 30, 1931, the respondent County of Los Angeles sold the property to the state for delinquent taxes which had been assessed thereon. Appellant then paid to the county treasurer the amount required by law to redeem the property and brought this action to recover the amount so paid. The appeal is prosecuted from a judgment which followed an order sustaining without leave to amend a demurrer to the appellant's complaint.

The complaint alleges that in the year 1930 there was located on the real property in question a church building which was used solely and exclusively for religious worship; "that said building never has been rented for religious purposes and that no rent ever has been received for said building which is used exclusively for religious purposes". It is then alleged that these facts were well known to the assessor and also to the tax collector of the respondent county but that in 1930 the property was assessed to the appellant upon the assessment roll for that year. According to further allegations of the complaint, after the sale to the state, the appellant tendered to the tax collector of the respondent county and afterward paid to its treasurer an amount equal to the tax assessed against the property, with penalties, costs and interest, the payment being accompanied by a notice of protest in writing. This notice recites that the appellant "under protest and in no sense as a voluntary payment, pays to you

the amount of said taxes with the aforesaid penalties, costs and interest . . . claiming the right to recover back and to have repaid to it the whole of said amount of said alleged tax and accrued penalties, costs and interest. . . . ''

The appellant bases its right to recover upon section 3819 of the Political Code. This section provides that ''At any time after the assessment-book has been received by the tax collector, and the taxes have become payable, the owner of any property assessed therein, who may claim that the assessment is void in whole or in part, may pay the same to the tax collector under protest, which protest shall be in writing, and shall specify whether the whole assessment is claimed to be void, or if a part only, what portion, and in either case the grounds upon which such claim is founded and when so paid under protest, the payment shall in no case be regarded as voluntary payment.'' Obviously the time when payment may be made to the tax collector under the provisions of this section is the period between the date when the equalized, certified assessment roll is turned over to him by the auditor, which by section 3732 is required to be done on or before the first day of October of each year, and June 30th of the following year. The appellant concedes that at the time it made a tender to the tax collector no taxes for the fiscal year 1930 could legally be paid to him, but it contends that as the Political Code section allowing the payment of taxes under protest is a remedial statute, it should have a liberal construction, and that under such a construction payment to the county treasurer, even after the time specified therein for payment to the tax collector, is a sufficient compliance with its requirements.

Section 3819 of the Political Code was undoubtedly enacted by the legislature to provide a simple and direct method for the owner of property to challenge a tax levied against it. It gives a property owner the right to pay the tax and then bring an action to recover the amount of the payment, ''and when the directions of the act are followed it is provided that the payment of the tax 'shall in no case be regarded as a voluntary payment' ''. (*Stewart Law & Col. Co.* v. *County of Alameda,* 142 Cal. 660 [76 Pac. 481, 483].) Under its provisions payment of taxes may be made to a county tax collector under particular conditions during a specified period and where the requirements of the statute

are complied with an action will lie to recover the amount paid. When the property owner pays taxes in the manner specified he is not required to plead or prove that the payment was made under compulsion or coercion.

The language used by the legislature in enacting these provisions is plain, and requires no construction. Under such circumstances the only function of the court is to apply the terms of the enactment to the facts presented. (*Wilson* v. *Johnson,* 1 Cal. (2d) 288 [34 Pac. (2d) 487].) To hold that payment to the county treasurer of the amount required for the redemption of property sold for taxes meets the requirements of a statute allowing payment to the tax collector of the amount of taxes before a sale of the property would substitute conditions entirely different from those laid down by the legislature. No rule of construction allows a change in the express terms of a statute. The benefits of this section can only be obtained by those who follow its requirements and the payment made by the appellant did not comply with its provisions in any essential particular.

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.