[Civ. No. 6292. Third Appellate District.—January 3, 1940.]

A. B. COPELAND, Appellant, v. GERALD F. RAUB, as County Treasurer, etc., et al., Respondents.

A. A. Tiscornia for Appellant.

W. Coburn Cook and Milton T. Farmer, as *Amici Curiae,* on Behalf of Appellant.

Hewitt & McBride and Huston, Huston & Huston for Respondents.

THOMPSON, J.—A. B. Copeland has appealed from a judgment which was rendered against him pursuant to an order sustaining separate demurrers to his petition for a writ of *mandamus* to compel the sale of land in a reclamation dis-

trict for alleged delinquent assessments, as required by section 3480 of the Political Code. The demurrers were sustained without leave to amend the pleading.

The chief contention of the appellant is that the demurrers were erroneously sustained for the reason that the petition states a good cause of action on the theory that the treasurer's call number 39 to pay assessments for interest due upon bonds of the district which were issued prior to the amendment in 1933 of section 3480 of the Political Code would be paid in cash only and not with *unmatured* bonds or coupons; that since the treasurer received from Sutter Basin Corporation, a landowner of the district, only bonds and interest-bearing coupons, a portion of which were unmatured, in payment of the call for assessments against it, such assessments became delinquent and it is, therefore, the duty of the treasurer to impose the penalties provided by law and sell the land in the manner required by said section of the code. This appeal is dependent upon the construction of the last paragraph of section 3480 of the Political Code as amended in 1923 (Stats. 1923, at p. 608), since all of the bonds involved in this proceeding were issued during the time the 1923 amendment was in force. That amendment, as it then existed, read:

"Any land owner of the district who shall desire at any time to lessen or remove the lien upon his land of any assessment on which bonds have been or hereafter may be issued may deliver to the county treasurer for cancellation any bonds payable out of said assessment, and the treasurer shall credit against the assessment on his land the principal and accrued interest of said bonds."

It is further asserted that in no event may *refunding bonds* or their interest coupons be credited on the payment of such assessments.

The petition alleges that Reclamation District Number 1500 was duly organized in 1913, pursuant to law, and that, by an election held November 12, 1919, the trustees were authorized to and did issue bonds pursuant to the provisions of section 3480 of the Political Code in the aggregate sum of $4,952,986.78, which were sold March 12, 1930; that the petitioner, A. B. Copeland, purchased and now owns sixteen bonds of the denomination of $1,000 each, and fifteen other

bonds of the denomination of $500 each, together with their interest-bearing coupons; that all bonds issued by the reclamation district were subsequently refunded, validated and approved by the electors of the district as provided by law; that the treasurer of Sutter County is charged with the collection and disbursement of the funds of the reclamation district; that an assessment was duly levied against the property in that district; that issued bonds in the aggregate sum of $100,000 were not exchanged, but still remain outstanding and unpaid; that on April 1, 1939, the treasurer made formal call number 39 for payment of interest due July 1, 1939, on refunded bonds, aggregating the sum of $98,034.41, no part of which has been paid *in cash;* that Sutter Basin Corporation, which owns 85 per cent of the farm lands of the district, held bonds and coupons maturing prior to July 1, 1939, of the aggregate face value of $70,094.60, which were tendered and accepted by the treasurer in payment of the assessment and call number 39 levied against its lands, which the treasurer threatens to credit at full face value, in lieu of cash, pursuant to the last paragraph of the 1923 amendment of section 3480 of the Political Code; that the petitioner has protested against the treasurer accepting said bonds in lieu of cash, and has demanded of him that he declare said assessments against the lands of the Sutter Basin Corporation delinquent and proceed to sell the lands in the manner provided by law, which he refuses to do. The petition then prays for an order directing the treasurer to accept only cash in payment of call number 39; that he be required to reject the bonds and coupons tendered by the Sutter Basin Corporation and proceed to sell the lands for delinquent assessments as required by section 3480 of the Political Code. To this petition the treasurer and the trustees filed separate demurrers on the grounds that the petition fails to state a good cause of action, and that there is a fatal nonjoinder of parties. The demurrers were sustained without leave to amend. Judgment was accordingly rendered against the petitioner. From that judgment this appeal was perfected.

█ We are of the opinion the petitioner fails to state a cause justifying the issuance of the mandate prayed for, and that the demurrers were therefore properly sustained without leave to amend the pleading. The chief issue depends

upon the construction of the last paragraph of section 3480 of the Political Code as amended in 1923. The language of that paragraph seems clear and explicit. It does not appear to be uncertain or ambiguous. There is no occasion to employ the well-known rules applicable only to the construction of a statute when its language is uncertain or ambiguous. Much space is consumed in appellant's briefs suggesting possible detriment which may result from construing the statute so as to permit the treasurer to accept and credit bonds and coupons in satisfaction of an assessment against lands in the district. In view of the clear language of the statute that argument seems to be futile. A multitude of authorities supports the emphatic declaration that the rules of construction of statutes, among which is a consideration of the benefits or evils which would result from the enforcement of the law, are applicable only when the statute is ambiguous and uncertain in its meaning. (Sec. 1858, Code Civ. Proc.; *In re Mitchell*, 120 Cal. 384 [52 Pac. 799] ; 25 R. C. L. 957, sec. 213.) In the authority last cited it is said in that regard:

"A statute is not to be read as if open to construction as a matter of course. It is only in the case of ambiguous statutes of uncertain meaning that the rules of construction can have any application. Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself. When the meaning of a law is evident, to go elsewhere in search of conjecture in order to restrict or extend the act would be an attempt to elude it, a method which, if once admitted, would be exceedingly dangerous, for there would be no law, however definite and precise in its language, which might not by interpretation be rendered useless. In such a case arguments from the reason, spirit, or purpose of the legislation, from the mischief it was intended to remedy, from history or analogy for the purpose of searching out and justifying the interpolation into the statute of new terms, and for the accomplishment of purposes which the lawmaking power did not express, are worse than futile. They serve only to raise doubt and uncertainty where none exist, to confuse and mislead the judgment, and to pervert the statute."

■ If we were permitted to resort to the rules of construction in the present case to aid us in determining the intention of the legislature with respect to the chief contention of the petitioner that the provision referred to merely authorized the treasurer to credit against the assessment on lands the owner's *matured* bonds and coupons, and not the unmatured ones, the amendment of that provision in 1933 (Stats. 1933, p. 1219, at the bottom of page 1226) indicates a recognition of the previous right to apply to an unpaid assessment either matured or unmatured bonds and coupons. (*Pierce* v. *Riley,* 21 Cal. App. (2d) 513, 520 [70 Pac. (2d) 206].) It is provided that after the bonds have been issued, all unpaid assessments on the land affected thereby shall bear 7 per cent interest, which interest may be called independently of the payment of the installments on the bonds, and that the treasurer is required to estimate the amount necessary to pay principal and interest at their maturity, and that after notice he must then proceed to sell the land in the manner provided by the act to satisfy the delinquent assessments, together with accrued interest and an added penalty of 15 per cent thereof. The amendment of 1933 provides:

"Said installment may be paid either in cash or in bonds of said district, or their interest coupons, issued upon said assessment, *then matured or to mature within ninety days* from the date of the calling of such installment, taken at their face value, or part in cash and part in such bonds and/or coupons. Any bond or coupon so received in payment shall be by the treasurer forthwith canceled and filed in his office."

Prior to the amendment of 1933 the act contained no such limitation of the right to apply only matured bonds or coupons to the decreasing or satisfaction of unpaid assessments. If we may resort to the rules of construction to ascertain the intention of the legislature, we must presume the preceding amendment of 1933 was enacted to limit the application of bonds and coupons on delinquent assessments to *matured bonds* or such as would become matured within ninety days from the date of the call. The last paragraph of section 3480 of the Political Code, as it existed prior to 1933, contained no such limitation. It authorized the delivery to the treasurer of "*any bonds* payable out of said assessment", to

be credited at face value, together with *"accrued* interest"
against the assessments on the lands of the owner thereof.

■ The right of the land owner to have his bonds and
coupons credited at their face value on the call in satisfaction
of the unpaid assessments against his lands is governed by the
statute in effect at the time the bonds were issued. (*Hershey* v. *Cole,* 130 Cal. App. 683 [20 Pac. (2d) 972]; *Shouse*
v. *Quinley,* 3 Cal. (2d) 357 [45 Pac. (2d) 701]; *Islais Co.,
Ltd.,* v. *Matheson,* 3 Cal. (2d) 657 [45 Pac. (2d) 326]; *County
of San Diego* v. *Childs,* 217 Cal. 109 [17 Pac. (2d) 734].)
It is uniformly held that the statute in force when the bonds
are issued becomes an inseparable part of the contract created
by the terms thereof. The statute, including the provisions
of the last paragraph of section 3480 of the Political Code,
according to the amendment of 1923, was in effect when the
respondents' bonds, which are involved in this proceeding,
were issued. That amendment of 1923 is therefore determinative of the issues of this case. The language of that paragraph did not then limit the right to "lessen or remove the
lien upon his land" to the application of *matured bonds* only.
It applied to "any bonds payable out of said assessment".

■ Nor did the statute, as it then existed, limit the application of such bonds and coupons to the payment of assessments on original bonds to the exclusion of *refunding bonds.*
The act as it then existed contemplated an identical procedure
for estimating the amount of principal and interest due for
the purpose of a call to both original and refunding bonds.
It provided in that regard: "At least ninety days before any
interest date of the bonds, *including refunding bonds,* the
county treasurer of the main county shall estimate the amount
of money necessary to pay interest and principal maturing",
etc., and after notice of delinquency thereof shall proceed to
sell the land to satisfy the lien created thereby.

There is no merit in the contention that the treasurer may
erroneously credit on the assessment due, interest on the
coupons presented which had not accrued at the time they
were tendered for payment. The treasurer is not charged
with threat to do so. The respondents do not contend they
are entitled to credit for any interest which had not actually
accrued when the bonds and their coupons were presented
to the treasurer.

We are persuaded the respondents were entitled under the last paragraph of section 3480 of the Political Code, as it existed in 1923, to credit. on its assessment the face value of the bonds and coupons presented, and that the demurrers to the petition for a writ of *mandamus* were properly sustained without leave to amend the pleading.

An amendment to the petition was previously filed, joining as parties to the action, pursuant to section 382 of the Code of Civil Procedure, all other bondholders and interested parties, without naming them, on the theory that they were too numerous to personally bring before the court. In view of what we have previously said regarding the merits of this proceeding it is not necessary for us to determine whether there is still a fatal nonjoinder of parties, and we therefore refrain from doing so.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 2, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 29, 1940.