[Civ. No. 6483.   Third Appellate District.—September 19, 1940.]

REED J. BEKINS et al., as Trustees, etc., Petitioners, v. GERALD F. RAUB, Treasurer, etc., et al., Respondents.

W. Coburn Cook for Petitioners.

A. A. Tiscornia, as *Amicus Curiae*, on Behalf of Petitioners.

Huston, Huston & Huston and Loyd E. Hewitt for Respondents.

TUTTLE, J.—Petition for writ of mandate, commanding and directing the treasurer of the county of Sutter, as trustee of Reclamation District No. 1500, to make his call for the payment of an assessment sufficient to pay all outstanding and maturing bonds of said district which are not barred by the statute of limitations. A general and special demurrer was interposed to the petition, and an answer was also filed.

It is contended by respondents that the petition does not state sufficient facts to justify this court in issuing the writ. We are of the opinion that this point is well taken.

The petition alleges, substantially, that petitioners are the owners and holders of bonds and interest coupons issued by said reclamation district, some of which matured January 1, 1936, and some January 1, 1938, together with certain interest coupons maturing January' 1, 1935, January 1, 1936, and subsequently. Petitioners also allege that they are the owners of $36,500 second issue bonds not yet due; that by reason of an opinion rendered by this court in the case of *Copeland* v. *Raub*, 36 Cal. App. (2d) 441 [97 Pac. (2d) 859], which upheld the right of a landowner to have his bonds and coupons credited at their face value on a call in satisfaction of unpaid assessments against his land, several assessments called and commencing on the date April 1, 1939, were paid by bonds and coupons to such an extent that there was insufficient cash left in the county treasury to meet the matured bonds and coupons belonging to petitioners; that petitioners had coupons maturing July 1, 1939, and January 1, 1940, which they had presented for payment, but which the treasurer refused to pay, and which are not payable by reason of the want of funds due to acceptance of said matured bonds and coupons in payment of assessment calls Nos. 39 and 40; that thereafter, respondent Raub issued call No. 41; that by reason of the acceptance by respondent Raub of

bonds and coupons in payment of said calls, there is a deficiency arising with respect to the payment of maturing bonds and coupons in the sum of approximately $70,000.

Petitioners pray that this court issue a writ of mandate directing the treasurer of Sutter County, as trustee of Reclamation District No. 1500, to make his call (No. 42), for the payment of an assessment instalment upon the lands of said district, on October 1, 1940, and that he include therein the call for funds sufficient to pay all outstanding and matured bond obligations of Reclamation District No. 1500 which are not barred by the statute of limitations, *as well as to pay the deficiency maturities of January 1, 1940.*

Section 3480 of the Political Code reads as follows:

"Estimate of assessment installment to pay interest and principal. At least ninety days before any interest date of the bonds, including refunding bonds, the county treasurer of the main county shall estimate the amount of money necessary to pay interest and principal maturing on such interest date after crediting thereon the funds in the treasury applicable to the payment thereof, and the expense of the county treasurer hereinafter provided, and shall add thereto fifteen per cent of such aggregate sum to cover possible delinquencies, and said county treasurer shall thereupon cause to be published two times, to-wit: once a week for two weeks in some newspaper of general circulation published in each county in which any of the District may be situate, a notice substantially in the following form:"

The foregoing section of the Political Code is the measure of the duty imposed upon respondent Raub with respect to this matter. *It is admitted by petitioners that the treasurer has fulfilled all the requirements of the law.*

The contention of respondents is that the petition fails to show that there was any duty or obligation imposed by law upon the treasurer to justify relief by way of a writ of *mandamus.* ■ It is elementary that "a writ of mandate is not always a writ of right, and when it is applied for, there must be a clear case to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station". (*Ross* v. *O'Brien,* 1 Cal. App. (2d) 496 [36 Pac. (2d) 1108].) Section 1085 of the Code of Civil Procedure, relating to a writ of *mandamus,* provides as follows:

"It may be issued by any court, except a municipal, justice's or police court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person."

It is not disputed that the county treasurer has made every call authorized and required by statute. Petitioners are not asking this court to direct the respondent to make a call prescribed by statute, but to make a call *above* and *beyond* the provisions of the statute by adding to his next call a sum equal to that part of the former call discharged by bonds.

Petitioners contend that equitable principles apply where relief by way of mandate is sought, and that this court should, in the exercise of its equity jurisdiction, compel respondent treasurer to do an act which is not required of him by law. While it is true that there are cases of this character where the courts have gone a long way in the exercise of their equitable jurisdiction, none has been called to our attention where such a writ was granted, when it was admitted that there was no legal duty, express or implied, imposed on the respondent in respect to the act sought to be enforced. The case relied upon by petitioners—(*Provident Land Corp.* v. *Zumwalt*, 12 Cal. (2d) 365 [85 Pac. (2d) 116])—did not involve equitable relief which might be granted under *mandamus*. The action was one to set aside the purchase of its own bonds by an irrigation district.

It is no doubt true that section 3480 of the Political Code, as amended in 1923, and which section was upheld by this court in the Copeland case, works a hardship upon petitioners and others in a like situation. This, however, was a matter for legislative consideration when the statute was enacted, and it must be presumed that the legislature could have foreseen that if a considerable number of matured bonds and coupons were accepted in payment of a call, there would be insufficient cash left with which to discharge the obligations which such calls would be presumed to meet. We feel, however, that we are bound to follow the statute, and that

we are powerless to compel the county treasurer to issue a call not provided for by law. The proper remedy for petitioners is not an appeal to the courts, but an appeal to the legislature. Furthermore, it might be pointed out that even if we granted the relief sought in the prayer of the petition, petitioners would be in no better position. The call ordered by the court could still be met by payment through the medium of bonds and coupons. The only method which would meet the problem would be an order that the assessment be paid in *cash*. But this would be in direct conflict with section 3480 of the Political Code, as amended in 1923, which gives to the landowner the right to pay any assessment with bonds and coupons of the district in lieu of cash.

It is our opinion that the petition fails to state sufficient grounds to justify this court in issuing the writ of mandate, and the demurrer to the petition is therefore sustained and the writ denied.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 19, 1940, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 18, 1940.