Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 2146.   Jan. 23, 1946.]

THE PEOPLE, Appellant, v. JOHN W. BAILEY, Respondent.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Appellant.

Frederick M. Hall, City Public Defender, and A. A. Golden, Deputy City Public Defender, for Respondent.

THE COURT.—The defendant was charged with a violation of section 499b, Penal Code of the State of California, a misdemeanor, in that on or about September 30, 1945, within the city of Los Angeles, he did wilfully and unlawfully, without the permission of the owner thereof, take an automobile for the purpose of temporarily using and operating the same. An oral demurrer to the complaint was interposed by the defendant upon the ground that the complaint did not state a public offense for the reason that section 499b of the Penal Code has been repealed by implication by the enactment of section 503 of the Vehicle Code of the State of California. The demurrer was sustained and the defendant discharged. From this final termination of its case, without a trial, the People have appealed. We are of the opinion that it was error to discharge the defendant; that an amendment to the complaint may be made which will state a public offense under section 499b, and that the People should have been given an opportunity to do so.

Section 499b was enacted in 1905 and has been but once amended when in 1935 the word "aircraft" was added. It now reads as follows: "Any person who shall, without the permission of the owner thereof, take any aircraft, automobile, bicycle, motorcycle, or other vehicle, for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor. . . "

The Vehicle Act of the State of California, as enacted in 1923 (Stats. 1923, p. 517; Deering's Gen. Laws, 1931, Act 5128) contained section 146 which was the predecessor of the present section 503 of the Vehicle Code, the latter having been passed in 1935 and amended in 1939. The pertinent parts of section 503 are as follows: "Any person who drives or takes a vehicle not his own, without the consent of the

owner thereof and in the absence of the owner, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, . . . is guilty of a felony. . . .''

It is readily apparent that a striking similarity exists in the wording and coverage of sections 499b and 503. If the provisions of section 503, being subsequent in point of time, completely overlap those of section 499b, then the latter is repealed by implication and can no longer be regarded as in force. ''Where two legislative enactments punish exactly the same act they are in conflict. [Citing cases.] Where two statutory provisions are in irreconcilable conflict, the one latest in point of time will control. [Citing cases.] A later statute prescribing a different punishment for an offense works a repeal of the former one by implication.'' (*People* v. *Lewis* (1934), 4 Cal.App.2d Supp. 775, 778 [37 P.2d 752].)

A critical analysis of the two sections leads to the conclusion that, although there is a considerable overlapping of their provisions, and so in part a conflict, their identity is not so complete that section 499b is entirely repealed by section 503, or by any of its predecessors. Disregarding aircraft and bicycles, which are the subject of section 499b's solicitude, but are not mentioned in section 503, and limiting our attention to automobiles, which are covered by both sections, and with which the complaint before us was concerned, we find the two sections do differ in at least two material respects. Section 503 is limited to cases where an automobile is driven or taken in the absence of the owner. Section 499b is not so limited; it applies, whether the taking was in the owner's absence or presence. The felony of section 503 is not committed, furthermore, unless the taking, or driving, was with the specific intent to deprive the owner of title or possession (*People* v. *Zervas* (1943), 61 Cal.App.2d 381, 384 [142 P.2d 946]; *People* v. *Gibson* (1944), 63 Cal.App.2d 632, 637 [146 P.2d 971]), while section 499b makes it a misdemeanor to take an automobile, without the owner's consent, although no intent to deprive the owner of title or possession motivates the taking. The section itself requires this interpretation, and it is recognized in the course of the argument in *People* v. *Neal* (1940), 40 Cal.App.2d 115, 117, 118 [104 P.2d 555], and *People* v. *Zervas*, just cited. In the opinion in the Neal case, the statement appears, and it is quoted in

the Zervas case, "that specific intent is not an element in the violation of [section 499b of the Penal Code]." We interpret this, in the light of the facts and the subjects which were under discussion, as meaning no more than that the specific intent made an element of the crime created by section 503 need not be present in the act made an offense by the Penal Code section. A specific intent is essential to constitute the misdemeanor of section 499b, and it serves further to distinguish the two sections. To be a misdemeanor, the taking must be for the purpose, that is, with the intent, for the words are synonymous (*People* v. *Tate* (1925), 316 Ill. 52 [146 N.E. 487, 489]; *Carey* v. *United States* (1920 Neb.), 265 F. 515, 516; 33 C.J. 168; 51 C.J. 102; Webster's New International Dictionary, 2d ed.) "of temporarily using or operating the same."

One who takes an automobile in the presence of the owner, therefore, with the intention of temporarily using or operating it, without the owner's consent, violates section 499b, Penal Code, but not section 503, Vehicle Code. Moreover, whether the taking is or is not in the owner's presence, if the purpose of the taking is not to deprive the owner either of its title or of its possession, but is temporarily to use or operate it, without his permission, the taking is a misdemeanor, not a felony. A car left in a garage while the owner makes an overnight trip to San Francisco could be taken and operated without any intention of depriving the owner of the possession which he had temporarily surrendered, or of the title which was not jeopardized, so that the provisions of the statutory law which would be offended would be those of section 499b and not those of section 503.

The complaint in this case, framed with section 499b in mind, would be sufficient if a bicycle or an aircraft were the object declared to have been taken, for no complication arises with respect to either of those machines because of the overlapping provisions of section 503. Where, as in this case, it is desired to charge that an automobile was taken, the effect of section 503 upon section 499b makes more meticulous pleading of the facts necessary if it is desired to charge that a misdemeaner was committed. The situation is analogous to that considered by this court in *People* v. *Lewis* (1934), 4 Cal.App.2d Supp. 775, 779 [37 P.2d 752], where we had the same problem of the partial repeal of a Penal Code section by a section of the Vehicle Code. Here, as there, we

note that as a matter of fact the great majority of those who violate the provisions of either section do so under conditions which make the crime a felony. In charging the less frequently committed and minor crime, therefore, it should be made clear that it was a misdemeanor and not a felony that had been committed. This may be done by charging that there was a taking, without the owner's consent, either (1) in his presence, or (2) with the purpose of temporarily using or operating the same but not with intent to deprive the owner of his title to or possession of the automobile.

█ Although the complaint in this case is, for the reasons stated, defective, the order made, following the attack upon it, was erroneous for several reasons. In the first place, we interpret the record as showing that the attack was made by an oral demurrer. The statute (Pen. Code, § 1428.2) authorizes the filing of a written demurrer; an oral demurrer should not be dignified by a ruling upon its merits. █ If the demurrer were in writing, however, and it were proper to sustain it without leave to amend, the proper order would be one dismissing the action as well as discharging the defendant, if he were in custody. (Pen. Code, § 1428.3.) █ As we have seen, however, the defect in the complaint was in form, and while not merely technical, was one that could be remedied by an amendment. The order, therefore, should have permitted an amendment. No doubt the People could waive such amendment, but it does not appear that they did so.

For the reasons given, the order appealed from is reversed, with directions to the trial court to arraign the defendant for his plea, permitting him to file a written demurrer if he be so advised.