[Crim. No. 4380.   Second Dist., Div. Three.   Dec. 22, 1949.]

THE PEOPLE, Respondent, v. JOE GOSSMAN, Appellant.

Joe Gossman, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Kent C. Rogers, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant Joe Gossman was accused of violation of section 501, Vehicle Code, in a trial to the court was found guilty of violation of section 502 of the code and, after

refusing to accept the court's offer of probation, was sentenced to thirty days in the county jail.

In brief, section 501 makes it an offense for any person under the influence of intoxicating liquor to drive a vehicle, and when so driving do any act forbidden by law or neglect any duty imposed by law in the driving of a vehicle, which act or neglect causes bodily injury to any person other than himself. The offense is made a felony. By section 502 it is made unlawful for any person who is under the influence of intoxicating liquor to drive a vehicle upon any highway. This offense is punishable by imprisonment in the county jail, or fine, or both.

There was evidence to establish that about 1 o'clock in the morning the defendant drove east on 28th Street, in Los Angeles, into the intersection of Griffith Avenue, where his car collided with one being driven north on Griffith Avenue by Sam Cason. Appellant's car crossed over Griffith Avenue and ran into the east curb. Three passengers in the Cason car were rather severely injured. Police officers soon arrived and found Gossman sitting in his car. Officer Barker testified that he smelled defendant's breath and it was strongly alcoholic; he asked him to walk a line and defendant was unable to do so; his car was examined and found to be in high gear. Defendant was taken to the receiving hospital and thence to the police station, where he was given a sobriety test. Officer Barker testified that in his opinion defendant was intoxicated. Officer McDowell testified that he smelled an alcoholic odor on defendant's breath. He and Cason and another witness testified that in their opinion defendant was intoxicated. Defendant stated that he had had two beers before supper, and thereafter only milk, and that when the accident occurred he was on his way to get a bottle of liquor for his wife. At the trial he denied that he had been drinking anything but milk and unfermented apple cider.

Defendant's contention on the appeal that there was insufficient evidence to prove he was intoxicated is not sustained by the record. It was for the trial court to determine whether the witnesses for the People were deceived by defendant's speech and actions after the accident and whether his appearance and conduct, as described by them, and which indicated to them intoxication, were due to something else. Upon the evidence we have mentioned, the finding on that issue is conclusive.

The point is made by defendant that he was wrongfully convicted of violation of section 502, under the information charging violation of section 501, for the reason that the latter offense does not include the former. We think it is an included offense. ██ Where different offenses are involved the rationale of the constitutional provision (Art. I, § 13), and the statutory rule (Pen. Code, § 1023), against double punishment is that punishment for either a greater or a lesser offense, where both are founded upon a common basic element, necessarily includes punishment for the other. As a rule, in either case, complete expiation is rendered by satisfaction of the judgment. A proper ground of distinction between included and nonincluded offenses is whether they involve essentially the same or different elements of conduct. If they have a common basis the greater is usually deemed to include the lesser. Thus, in offenses against the person, simple assault is included in the more serious offenses that involve acts of personal violence, for the reason that the latter cannot be committed without committing the former. Homicide cases, in which the greater offenses include the lesser, have a common basis in the unlawful killing of a human being. Various offenses involving the unlawful taking of property include theft as a lesser offense.

██ The difficulties which the courts often encounter do not arise out of doubts as to the general rules, but in analyzing the elements of similarity and dissimilarity of related offenses, in order to determine whether one is necessarily included in the other. We have no such difficulty in the present case. In addition to sections 501 and 502 of the Vehicle Code we have section 367d of the Penal Code, by which it is made a misdemeanor to become or be intoxicated while driving a motor vehicle. The Penal Code section, as limited by the Vehicle Code, relates to driving on private property (*People v. Lewis*, 4 Cal.App.2d Supp. 775 [37 P.2d 752]); section 502 to driving on a highway; and section 501 to driving either on private property or a highway in an unlawful manner, and so as to proximately cause bodily injury to any person other than the driver. While the offenses defined by sections 367d and 502 vary as to circumstances, and section 501 encompasses additional circumstances. and consequences, all three offenses have a common root in drunk driving. In order to establish a violation of section 501, it would be necessary to prove that the driving was done either on private property in violation of section 367d, or on a highway

in violation of section 502. In a prosecution under 501 it is not necessary to charge also a violation of section 502 (*People* v. *Stanley*, 13 Cal.App.2d 559 [57 P.2d 146]); and for the reasons stated in that case it is not necessary to charge violation of section 367d. A conviction of violation of section 501 would undoubtedly bar a further prosecution under either of the other sections for the reason that they are included offenses. We conclude that in a prosecution under 501 the accused may be convicted of violation of either section 502 or 367d. So closely allied are the offenses defined in the former and the latter sections that it would have been logical for the Legislature to make driving while intoxicated a single offense, punishable as a misdemeanor in the circumstances specified in sections 502 and 367d, and as a felony under the conditions stated in section 501. (See *People* v. *Kehoe*, 33 Cal.2d 711 [204 P.2d 321].)

We have examined the many other points argued by appellant and find them without support in the record, or lacking in merit for other reasons.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 19, 1950.