[Civ. No. 35341. Second Dist., Div. Two. Oct. 27, 1970.]

DUNCAN H. WALLACE, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Thomas C. Lynch, Attorney General, Ronald F. Russo, Deputy Attorney General, for Defendant and Appellant.

Cohen, Whitfield & Osborne, Thomas B. Osborne and Theodore J. England for Plaintiff and Respondent.

## Opinion

**COMPTON, J.**—On October 29, 1968, the Department of Motor Vehicles (hereinafter referred to as the "DMV") suspended the California driver's license of Duncan H. Wallace (hereinafter referred to as respondent) pursuant to section 13352 of the Vehicle Code. The suspension was based on a conviction in August of 1968 of a violation of Vehicle Code section 23102, together with a conviction suffered in 1964 for a violation of section 367d of the Penal Code.

Thereafter respondent filed a petition for writ of mandate in the Superior Court of Ventura County to review DMV's action. The petition was granted and DMV was ordered to "set aside [its] Order of Suspension, dated October 29, 1968, suspending the California Vehicle Operator's License of the [respondent] . . . ."

The superior court concluded that the DMV's order of October 29, 1968 "suspending petitioner's driving privileges pursuant to section 13352(c) of the California Vehicle Code is invalid because [the DMV] proceeded in excess of their jurisdiction and in a manner other than authorized by law in that a prior conviction under section 367(d) of the Penal Code is not cause for license suspension under section 13352(c) of the California Vehicle Code."

In 1964, when respondent was convicted, Penal Code section 367d provided that: "Any person operating or driving an automobile, motorcycle or other motor vehicle who becomes or is intoxicated while so engaged in operating or driving such automobile, motorcycle or other motor vehicle shall be guilty of a misdemeanor."[1]

In August of 1968, respondent was convicted of a violation of section 23102 of the Vehicle Code. Section 23102 provided: "It is unlawful for any person who is under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug, to drive a vehicle upon any highway."[2]

Vehicle Code section 13352 provides in pertinent part: "The [DMV] shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of *driving a motor vehicle*

---

[1] In 1968, this section was amended, that amendment does not affect the issues on this appeal. It is our opinion furthermore that our analysis of the issues herein applies equally to the present language of section 367d of the Penal Code.

[2] Section 23102 of the Vehicle Code was formerly section 502. The present Vehicle Code sections were recodified in 1959. For purposes of the instant case we will refer solely to section 23102 except where otherwise noted.

*while under the influence of intoxicating liquor.* The suspension or revocation shall be as follows: . . . (c) Upon a *second such conviction* within seven years, such privilege shall be suspended for one year and shall not be reinstated unless and until such person gives proof of ability to respond in damages . . . ."[3] (Italics added.)

The sole issue on this appeal is whether or not a conviction for a violation of section 367d of the Penal Code is either a conviction or a "second such conviction" of "driving a motor vehicle while under the influence of intoxicating liquor" as provided for in section 13352, subdivision (c), of the Vehicle Code. It is our conclusion that Penal Code section 367d is included within the operative scope of Vehicle Code section 13352, subdivision (c).

This case is one of first impression and requires an interpretation of section 13352, subdivision (c) which is consistent with the Legislature's intent and which ". . . [effectuates] the purpose of the law." (*Select Base Materials, Inc.* v. *Board of Equalization,* 51 Cal.2d 640, 645 [335 P.2d 672].)

The legislative history of section 13352 of the Vehicle Code, as will be demonstrated below, is susceptible to a myriad of interpretations.

It is apparent that prior to 1949, section 367d of the Penal Code was not within the purview of Vehicle Code section 13352, not because of any discernible express intent to exclude section 367d of the Penal Code but simply because the language of section 13352 was expressly limited. Prior to 1949, then Vehicle Code section 307 delineated its activating offenses by referring *only* to *Vehicle Code* violations.[4] (See Stats. 1947, ch. 1452, p. 3025, § 2; Stats. 1949, ch. 273, p. 492, § 3.)

In 1949, the Legislature deleted the specific references to Vehicle Code violations. (Stats. 1949, ch. 807, pp. 1546-1547.) Thus, after the 1949 deletions, Vehicle Code section 13352 (formerly § 307) read, as it is relevant to the instant action, substantially the way it reads today.

Between 1935 and 1949, the Legislature in dealing with Vehicle Code section 13352 and its predecessors and associated sections interchanged

---

[3]Section 13352 of the Vehicle Code was formerly section 307. For purposes of the instant case we will refer solely to section 13352 except where otherwise noted.

[4]"307. Suspension of License Upon Conviction Under Section *502.* (a) The [DMV] shall immediately suspend the privilege of any person to operate a motor vehicle upon a highway upon receipt of a duly certified abstract of the record of any court showing that such person has been convicted of driving while under the influence of intoxicating liquor, a misdemeanor. . . . 1. Such suspension upon a first conviction under *Section 502* shall be for a period of 90 days. 2. Such suspension upon a second or subsequent conviction under *Section 502* shall be for a period of one year . . . ." (Italics added.)

references to section 502 of the Vehicle Code with the language "driving under the influence of intoxicating liquor" at least three times. (See Stats. 1935, ch. 27, p. 138; Stats. 1941, ch. 1139, p. 2847, § 2; Stats. 1943, ch. 911, p. 2764, § 8; Stats. 1945, ch. 930, p. 1729, § 3; Stats. 1947, ch. 1452, p. 3025, § 2; Stats. 1949, ch. 273, p. 492, § 3; Stats. 1949, ch. 807, p. 1546, § 2.)

It is highly improbable that the Legislature each time it moved from designation by number to designation by words or vice versa specifically had in mind the exclusion or inclusion of Penal Code section 367d. What is more likely the situation is that reference to section 367d was not actively considered.

It is patent, however, that the Legislature did not specifically intend to *exclude* section 367d of the Penal Code.

It is not disputed that, at the time the DMV suspended respondent's driving privileges, he had twice been convicted of offenses which by their language condemned the operation of a motor vehicle while under the influence of intoxicating liquor. There can be no question but what the critical language of Vehicle Code section 13352, subdivision (c), as it existed at the time the DMV took action in this case, was broad enough to embrace a conviction of section 367d of the Penal Code.

■ "The rules relating to the construction of statutes are applicable only where statutory language is uncertain and ambiguous. Where the meaning of a statute is plain, its language clear and unambiguous, and there is no uncertainty or doubt of the legislative intent, there is no need for construction and the courts should not indulge in it. They must follow the language used and give to it its plain meaning, whatever may be thought of the wisdom, expediency, or policy of the act, even if it appears probable that a different object was in the mind of the legislature." (45 Cal.Jur.2d, § 108, p. 621.) (See *Scott* v. *McPheeters,* 33 Cal.App.2d 629, 631 [92 P.2d 678, 93 P.2d 562]; *Copeland* v. *Raub,* 36 Cal.App.2d 441, 445 [97 P.2d 859]; *First Congregational Church* v. *County of Los Angeles,* 9 Cal.2d 591, 594 [71 P.2d 1106]; *Stockton Sav. & Loan Bank* v. *Massanet,* 18 Cal.2d 200, 207 [114 P.2d 592]; *Caminetti* v. *Pacific Mut. Life Ins. Co.,* 22 Cal.2d 344, 353, 354 [139 P.2d 908].)

■ It appears to us that the relevant language of Vehicle Code section 13352 is not uncertain or ambiguous. The meaning of the statute seems plain, to wit, that a person's driving privileges may be suspended when he has been convicted on two or more occasions for operating a motor vehicle while under the influence of intoxicating liquor.

However, as both parties to this action attach some importance to the leg-

islative intent evidenced by the 1949 amendment, we feel compelled to discuss it.

By deleting an express provision from an existing statute, a presumption arises that the Legislature intended a substantial change in the law. (See *People v. Valentine,* 28 Cal.2d 121, 142 [169 P.2d 1]; *Clements v. T. R. Bechtel Co.,* 43 Cal.2d 227, 231 [273 P.2d 5].)

The plain language of Vehicle Code section 13352, subdivision (c), clearly indicates that the Legislature by its 1949 amendment intended *"such convictions"* to refer to all convictions for "driving a motor vehicle while under the influence of intoxicating liquor."

The appellant argues that the 1949 amendment was a clear expression of the Legislature's intent to include section 367d of the Penal Code.

Respondent on the other hand contends that the amendment does not evidence such an intention and in effect urges that we treat Vehicle Code section 13352, subdivision (c), as being applicable only to violations of the Vehicle Code as it was prior to 1949.

In adopting this posture, respondent suggests possibilities which he contends might explain what the Legislature did have in mind when it enacted the 1949 amendment. One such possibility which respondent advances is that the 1949 amendment was to make it clear that Vehicle Code section 307 applied to out-of-state convictions. It would seem highly illogical for the Legislature to give the DMV the power to suspend or revoke an individual's driving privileges based upon a violation of a statute of another state which is similar in language to section 23102 of the Vehicle Code while at the same time denying the DMV such authority in the case of a violation of a California statute which is also similar in wording to section 23102 of the Vehicle Code.

In taking cognizance of convictions in other jurisdictions the Legislature obviously was concerned more with the conduct of the individual than it was the numerical designation of the statute under which he was convicted.

In addressing ourselves to the question of legislative intent we are inclined to look at the broader objectives which are apparent from legislative enactments dealing with the problem of the drinking driver. Legislation in this area has followed a very consistent progression towards more severe punishment for a violation of the criminal statutes and more severe limitations on the retention of driving privileges by persons who have been found to have operated vehicles while under the influence of intoxicating liquor. Persons who, while under the influence of intoxicating liquor, operate motor vehicles exhibit a potential or a propensity that clearly justifies the state in denying to

them the privilege of operating a motor vehicle upon our streets and highways.

Inasmuch as respondent's past conduct is clearly embraced by the relevant language of section 13352, subdivision (c), of the Vehicle Code, we are not disposed in the absence of a positive prohibition to deprive the DMV of the power to protect innocent drivers and pedestrians simply because a court in the past found respondent's action to be violative of a provision of the Penal Code rather than of the Vehicle Code.

Respondent also suggests that the Legislature intended only to clarify apparent internal inconsistencies between section 307, subdivision (a)(2) (now § 13352, subd. (c)) and section 307, subdivision (c) (now § 13352, subd. (e)). It is contended that language in section 307, subdivision (c), calling for mandatory revocation "upon a third or subsequent conviction" would in effect be limited by the language of section 307, subdivision (a)(2). Thus, under respondent's interpretation third or subsequent convictions under Vehicle Code section 502 (now § 23102) would only be punishable by a one-year suspension rather than by a three-year revocation under section 307, subdivision (c), as intended. Respondent concludes that deletion of specific reference to section 502 was therefore intended only as clarification of the purview of section 307, subdivision (c).

Respondent, in his analysis, simply fails to see the forest for the trees.

While it is true, that the Legislature subjected the law to numerous amendments prior to 1949, to read the 1949 amendment as merely a technical revision ignores the reality of the past 21 years. This state's phenomenal population explosion in people and motor vehicles since 1949 has annually produced increasing traffic death tolls. This useless carnage on our highways has been the motivating force behind the Legislature's integrated system for dealing with the drinking driver by way of penal sanctions, license suspension and revocation. (See *People* v. *Duroncelay,* 48 Cal.2d 766, at p. 772 [312 P.2d 690]: "The incidence of death and serious injury on the highways has undeniably assumed tragic dimensions and has been due in a significant degree to the effects of alcohol upon drivers." See also the California Department of Highway Patrol's Report of Fatal and Injury Motor Vehicle Traffic Accidents For 1966, p. 11.)

The Attorney General in 1962, published an opinion to the effect that section 367d of the Penal Code was included in the operation of section 13352, subdivision (c), of the Vehicle Code.[5] The contemporaneous construction given to the meaning of a statute by the Attorney General who is charged by law with advising the enforcement agencies as to the scope of the

---

[5]See Ops. Cal. Atty. Gen. (1962) 291.

law, is entitled to great weight. (*Smith* v. *Municipal Court*, 167 Cal.App.2d 534, 539 [334 P.2d 931].) This rule is particularly pertinent in the instant case where the Attorney General's opinion seems to logically comport with the broad regulatory purpose of the statutes.

Furthermore, the Attorney General's opinion has been inferentially approved by the Legislature. Were the opinion contrary to the intent of Vehicle Code section 13352, subdivision (c), some corrective measure would have been taken at the very least in 1963 when section 13352, subdivision (c), was last amended. (See *Meyer* v. *Board of Trustees*, 195 Cal.App.2d 420, 432 [15 Cal.Rptr. 717]; *Smith* v. *Municipal Court, supra,* at p. 539.)

Respondent argues that the subject matter of the two sections is sufficiently distinct as to indicate that the Legislature never intended section 13352, subdivision (c), of the Vehicle Code to encompass section 367d of the Penal Code. Section 367d has been interpreted to apply solely to drunk driving on private property while section 13352, subdivision (c), applies by implication to driving under the influence *on a highway*. (*People* v. *Gossman*, 95 Cal.App.2d 293 [212 P.2d 585]; *People* v. *Lewis*, 4 Cal.App.2d Supp. 775 [37 P.2d 752].) Further, Penal Code section 367d requires a higher state of intoxication for conviction than does Vehicle Code section 23102. (*People* v. *Haeussler*, 41 Cal.2d 252, 262 [260 P.2d 8].)

These are distinctions without a difference. First, section 13352, subdivision (c), of the Vehicle Code is not restricted to drunk driving convictions on a highway. To the contrary, the Legislature used the words "such convictions" to refer to "convicted of driving a motor vehicle while under the influence of intoxicating liquor." As noted above, the logical inference to be made from the Legislature's replacing reference to a specific section with the language "convicted of driving . . . under the influence of intoxicating liquor" and "such convictions" is that the statute now embraces *all* "such convictions." Had the Legislature wished to restrict "such convictions" to "highway" convictions, it is assumed it would have so indicated in 1949.

Secondly, there is no rational difference between the danger to the public's safety from a driver convicted for driving while under the influence of intoxicating liquor on a public highway and a driver convicted for similarly driving on a private road. Each driver wields a potentially lethal weapon capable of doing equal damage to an innocent bystander whether on a private or public road.

A contrary approach carried to its logical extreme would mean that a person who is repeatedly "intoxicated" while driving on a private road is exempt from the mandatory suspension of his license whereas a person who is merely "under the influence" on a public highway is subject to the sanctions of

Vehicle Code section 13352, subdivision (c). The language of section 13352, subdivision (c), and the demonstrated legislative intent to protect the safety of society from the drinking driver belie this interpretation.

■ It might be contended that section 367d has not been repealed because the Legislature intended for trial courts to have certain discretionary power to permit defendants to avoid suspension by the use of Penal Code section 367d. We are mindful of the fact that on many occasions in the past trial courts have resorted to section 367d of the Penal Code in an attempt to spare defendants the more severe penalty of mandatory suspension for a conviction under section 23102 of the Vehicle Code.

However, it is difficult to understand how the amendment of section 13352 of the Vehicle Code in 1949 sanctioned this practice. We are more persuaded that, to the contrary, the amendment of section 13352 of the Vehicle Code was intended to preclude this discretionary power. In other words, by including section 367d within the purview of section 13352, subdivision (c), the Legislature made mandatory the suspension of the person's license upon the second "such conviction," whether it be for violation of section 23102 of the Vehicle Code or section 367d of the Penal Code.

Section 13352 of the Vehicle Code is a part of the Legislature's scheme to discourage people from driving while under the influence of intoxicating liquors. Thus, the Legislature through the 1949 amendment and its subsequent actions has manifested an intent to withhold discretionary power from the trial court in regards to convictions under section 367d of the Penal Code and suspension under section 13352, subdivision (c), of the Vehicle Code.

The lack of recorded specific legislative intent demands that Vehicle Code section 13352 " 'be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' " (*Stafford v. Los Angeles etc. Retirement Board,* 42 Cal.2d 795, 799 [270 P.2d 12].) ■ Thus, it is our conclusion that for the reasons noted above the Legislature's 1949 amendment to section 13352 and the Legislature's subsequent actions demonstrate an intent to include section 367d of the Penal Code within the purview of section 13352, subdivision (c), of the Vehicle Code and thereby further protect the public from the hazards of the drinking driver.

The judgment is reversed.

Roth, P. J., and Herndon, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 23, 1970.