[Civ. No. 46054. Second Dist., Div. Three. Aug. 27, 1975.]

WILLIAM JAMES PLOMTEAUX, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## Counsel

Evelle J. Younger, Attorney General, and Thomas Scheerer, Deputy Attorney General, for Defendant and Appellant.

Feldman & Golde and Phillip Feldman for Plaintiff and Respondent.

OPINION

COLE (J. L.), J.*—On March 11, 1974, the Department of Motor Vehicles (appellant) revoked the driving privileges of William James Plomteaux (respondent) pursuant to Vehicle Code section 13352, subdivision (e). The revocation was for a period of three years and was based on the fact that respondent had suffered three previous convictions of driving a motor vehicle under the influence of intoxicating liquor—violations of Vehicle Code section 23102 on November 8, 1968, and September 6, 1973, and of Penal Code section 367d on January 23, 1970.

The sole issue on this appeal is whether the Penal Code conviction was one for driving a motor vehicle while under the influence of intoxicating liquor within the meaning of Vehicle Code section 13352, subdivision (e). The trial court's reasoning as expressed in a minute order was that "Penal Code Section 367d has no relationship to driving on public streets or to that extent on licensing. . . ." Therefore only two convictions had been suffered by respondent and the revocation was excessive punishment, the appellant being limited to suspending respondent's driving privileges for one year on the basis of the two prior Vehicle Code convictions.

We disagree with the trial court's reasoning and reverse the judgment granting a peremptory writ of mandate.

*Wallace* v. *Department of Motor Vehicles* (1970) 12 Cal.App.3d 356 [90 Cal.Rptr. 657], is dispositive. That decision squarely held that a violation of section 367d of the Penal Code was a conviction for driving a motor vehicle while under the influence of intoxicating liquor within the meaning of Vehicle Code section 13352, subdivision (c).[1] We adopt the reasoning of that opinion.

In an attempt to avoid the effect of *Wallace,* respondent argues that in 1972 the Legislature repealed Penal Code section 367d. (Stats. 1972, ch. 92, § 1, p. 118.) He urges that this repeal indicated an attempt to change the meaning of the law espoused in *Wallace.* We do not so view the 1972 repeal.

*Assigned by the Chairman of the Judicial Council.

[1]This subdivision deals with a second conviction or finding that a person was driving under the influence of intoxicating liquor, whereas subdivision (e) under which respondent was deprived of driving privileges deals with a third or subsequent conviction or finding. It is not suggested that the question on appeal is affected by any difference between subdivision (c) and subdivision (e).

■ It is true "that where an amendment to a statute consists of a deletion of an express provision, the presumption is that a substantial change in the law was intended . . . that pertinent decisions may properly be considered as bearing upon the legislative intent and purpose in the adoption of an amendment [and that the] elimination of a statutory clause after the rendition of a decision affecting the law . . . is to be regarded as an indication of legislative intent to change the meaning of the law or to obviate objections to it. . ." (*Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 231-232 [273 P.2d 5].)

■ The 1972 repeal of Penal Code section 367d does not, however, lead to the conclusion that the Legislature intended that a previous violation of that statute was no longer to be regarded as a prior conviction for driving while under the influence of intoxicating liquor within the meaning of Vehicle Code section 13352.

First, we note that in 1971, after the decision in *Wallace* v. *Department of Motor Vehicles, supra,* 12 Cal.App.3d 356, and before the ultimate repeal of Penal Code section 367d the Legislature amended section 367d.[2] That amendment, presumably made with an awareness of the *Wallace* decision, could in no way be construed to be a legislative attempt to avoid its effect. Rather, it appears that the amendment simply added a new subsection dealing with drivers under the influence of a drug alone.

Second, in our view Penal Code section 367d was repealed in 1972 as part of an overall statutory restructuring of drunk driving laws undertaken "to obviate objections" (*Clements, supra,* at p. 232) to the prior law. Penal Code section 367d had previously been interpreted to apply solely to drunk driving on private property. (*People* v. *Lewis* (1934) 4 Cal.App.2d Supp. 775, 778 [37 P.2d 752]; *People* v. *Gossman* (1949) 95 Cal.App.2d 293, 295 [212 P.2d 585].)

*Wallace* rejected an argument that because Penal Code section 367d was so limited, and because Vehicle Code section 13352 impliedly

---

[2]Prior to its amendment in 1971, section 367d read: "Any person driving a motor vehicle who is under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug, shall be guilty of a misdemeanor."

After the amendment in 1971 section 367d read: "(a) Any person driving a motor vehicle who is under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug, shall be guilty of a misdemeanor. ¶ (b) Any person driving a motor vehicle who is under the influence of any drug shall be guilty of a misdemeanor." (Stats. 1971, ch. 896, § 1, p. 1747.)

applied to driving under the influence on a highway,[3] the two sections were so distinct in their subject matter as to show that section 367d of the Penal Code was excluded from the operation of section 13352 of the Vehicle Code. *Wallace* pointed out that section 13352 was not limited to drunk convictions arising from driving on a highway. If there was any doubt on the latter subject it was eliminated by the 1972 legislation upon which respondent relies. That statute (Stats. 1972, ch. 92, p. 118) not only repealed section 367d, it also amended section .23102 and five other sections of the Vehicle Code relating to driving under the influence of intoxicants. The amendment to section 23102 made it expressly clear that that section applied to driving off as well as on highways. Section 367d of the Penal Code thus was entirely superfluous.

Not only that, but *Wallace* had commented (12 Cal.App.3d at p. 364) ". . . that on many occasions in the past trial courts have resorted to section 367d of the Penal Code in an attempt to spare defendants the more severe penalty of mandatory suspension for a conviction under section 23102 of the Vehicle Code." While that practice misconceived the broad thrust of section 13352 of the Vehicle Code, the 1972 repeal of the Penal Code section obviously made it impossible to resort to the section in the future at all.

Respondent had suffered three previous convictions and the trial court erred in ordering the issuance of a writ of mandate. The judgment is reversed with directions to enter judgment in favor of appellant.

Allport, Acting P. J., and Potter, J., concurred.

---

[3]Vehicle Code section 23102 previously made it unlawful for a person under the influence of liquor "to drive a vehicle upon any highway." "Highway" is defined to mean a public way used for vehicular travel. (Veh. Code, § 360; 12 Cal.App.3d at p. 363.)