[Civ. No. 23951.   Second Dist., Div. One.   July 31, 1959.]

JOSEPH J. MUSCOLINO et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Fred R. Metheny for Petitioners.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Deputy County Counsel, for Respondent.

NOURSE, J. pro tem.*—Petitioners seek a writ·of prohibition to restrain the respondent court from proceeding with the trial of an action in eminent domain.

By the subject action the county of Los Angeles seeks to condemn for public highway and park purposes an easement 12 feet in width over certain lands owned by petitioners; that strip of land to be a part of riding and hiking trails (29) and (72) from which by ordinance all motor vehicles will be excluded. The land of petitioners over which the easement is sought lies within the boundaries of the Los Angeles County Flood Control channel and is subject to an easement for flood control purposes. It is petitioners' contention that a riding.and hiking trail is neither a highway nor a road nor a park and that therefore is not a purpose as to which the power of eminent domain is given to the county under section 1238 of the Code of Civil Procedure.

Petitioners' contention cannot be sustained. ▉ Section 1238 of the Code of Civil Procedure was originally enacted in 1872. It then granted to counties the power to exercise the power of eminent domain to acquire property for use as "roads, streets and alleys." The word "roads" is a generic term and *includes all public ways.* (*Fischer* v. *County ·of Shasta,* 46 Cal.2d 771 at 774 [299 P.2d 222].) At the time of the original enactment of section 1238 of the Code of Civil Procedure, Webster's Dictionary Unabridged Edition of 1859 was the standard and accepted dictionary and in that work "road" was defined as "*an open way* or *public passage;* . . . and as a generic term which includes highways, streets and alleys." We must assume that the Legislature used the word "road" in accordance with its commonly understood meaning as set forth in the standard dictionary of that time. ▉ We may take judicial notice that at the time the statute was first enacted, many roads and highways were but narrow lanes used exclusively by pedestrians, equestrians and

---

*Assigned by Chairman of Judicial Council.

horse-drawn vehicles and we cannot see how it can logically be maintained that although the motor vehicle has invaded the roads of today forcing the pedestrian and equestrian therefrom it has likewise deprived the governmental bodies of their power to take land for a public use limited to pedestrians and equestrians who were the only users of roads at the time the statute was enacted.

The alternative writ heretofore issued is discharged and a peremptory writ denied.

White, P. J., and Lillie, J., concurred.