[Crim. No. 13590.   Second Dist., Div. Five.   Oct. 3, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. JAMES EDWARD FAIR, Defendant and Respondent.

James T. Starr, City Prosecutor, and Alfred Dovbish, Deputy City Prosecutor, for Plaintiff and Appellant.

Erling J. Hovden and Richard S. Buckley, Public Defenders, Floyd W. Davis, Burton H. Barnett, and James L. McCormick, Deputy Public Defenders, for Defendant and Respondent.

McCOY, J. pro tem.*—This case is before us on certification from the Appellate Department of the Superior Court for Los Angeles County pursuant to rule 63, California Rules of Court.

Section 367d of the Penal Code, enacted in 1911, reads: "Any person operating or driving an automobile, motor cycle or other motor vehicle who becomes or is intoxicated while so engaged in operating or driving such automobile, motor cycle or other motor vehicle shall be guilty of a misdemeanor." The question put to us by the order certifying the cause is whether the word "intoxicated" appearing in section 367d includes intoxication induced by a nonnarcotic drug, or whether it should be confined to intoxication caused by ingestion of alcoholic beverages only.[1] Section 367d was enacted in 1911 and has not been amended.

---

*Assigned by the Chairman of the Judicial Council.

[1] In *People* v. *Lewis,* 4 Cal.App.2d Supp. 775 [37 P.2d 752], it was held that by reason of the later enactment of section 17 of the Motor Vehicle Act (Stats. 1913, p. 646), section 17 of the Vehicle Act (Stats. 1915, p. 406), and of section 112 of the California Vehicle Act (Stats. 1923, p. 517), "certain well established rules make it clear that section 367d of the Penal Code can no longer be regarded as in force except in regard to offenses not covered by the vehicle acts, such as the driving of a motor vehicle on private ground by one who is intoxicated." *People* v. *Gossman,* 95 Cal.App.2d 293, 295 [212 P.2d 585], is to the same effect. Upon the granting of a new trial the People and defendant stipulated, among other things, that the evidence to be presented by the People at the new trial "would prove that the defendant was operating a motor vehicle on private property."

By a complaint filed in the Municipal Court for the Long Beach Judicial District defendant was charged with a violation of section 367d of the Penal Code. On conviction by a jury of the offense charged, defendant moved for a new trial on the ground "that the evidence in People[']s case do [*sic*] not prove that a violation of section 367d of the Penal Code has been committed," and on the ground of prejudicial misconduct of the prosecutor. On February 1, 1967, the motion for a new trial was granted. The minute order entered that day reads in part: "Defendant[']s motion for New Trial GRANTED. Stipulated to between People and Defendant that the evidence to be presented by People would prove that the defendant was operating a motor vehicle on private property while intoxicated, in violation of section 367d of the Penal Code. Further that said intoxication was due to a non-narcotic drug. On Court's own motion, CASE DISMISSED on ground that the word 'intoxicated' as used in section 367d does not include 'intoxicated from non-narcotic drug.' " The People appealed from the order of dismissal. The appellate department by a divided court reversed the order of the municipal court.[2]

▪ In answering the question before us it must be kept in mind that the common law rule, "that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (Pen. Code, § 4.) ▪ We are equally mindful of the rule that "penal statutes must be construed to reach no further than their words; no person can be made subject to them by implication." (*In re Twing*, 188 Cal. 261, 265 [204 P. 1082].) ▪ Furthermore, "[w]here a statute contains a reasonably adequate disclosure of the legislative intent regarding an evil to be combatted in language giving fair notice of the practices to be avoided, a court will be slow to say that such a statute is too indefinite to be enforced. ▪ The complexities of the social problem dealt with by the Legislature require that a practical construction be given to the language employed by the draftsmen of legislation lest

---

[2]In its memorandum opinion and judgment the appellate department said: "While the record here contains no statement on appeal (Rule 184 [Cal. Rules of Court]) which statement is ordinarily essential to raise any factual question on appeal, in this case the facts are fully set forth in the stipulation contained in the minutes of February 1, 1967, and these minutes are a part of the record on appeal (Rule 183(a)7). The sole question thus presented is whether the word 'intoxicated' as used in the prohibition of section 367d of the Penal Code includes 'intoxicated from a non-narcotic drug.' "

their purposes be too easily nullified by overrefined inquiries into the meaning of words." (*People* v. *Deibert*, 117 Cal. App.2d 410, 418 [256 P.2d 355] ; *People* v. *Vis*, 243 Cal.App.2d 549, 554-555 [52 Cal.Rptr. 527].) ▮ Similarly, "Where the words have a broad and also a restricted meaning, if the apparent object of the statute will be subserved by construing them in their restricted sense, whereas a principal object would be defeated by construing them in their broad sense, the restricted interpretation will be preferred and the broad meaning rejected, though the latter may be the more usual meaning. But a narrow or restricted meaning should not be given a word if it would result in evasion of the evident purpose of the act, or if a broader meaning would prevent evasion and carry out the purpose." (45 Cal.Jur.2d, Statutes, § 140, p. 648; see *People* v. *Weger*, 251 Cal.App.2d 584, 590 [59 Cal. Rptr. 661].)

The conclusion of the trial court that the word "intoxicated" as used in section 367d of the Penal Code does not include "intoxicated from non-narcotic drug" is erroneous.

▮ In determining the meaning of the word "intoxicated" as used in section 367d, we are bound by the rule that " 'The words of a statute must be taken in the sense in which they were understood at the time when the statute was enacted.' " (*People* v. *Fowler*, 32 Cal.App.2d Supp. 737, 746 [84 P.2d 326].) "It is a fundamental rule that a statute should be construed in the light of the history of the times and the conditions which prompted its enactment," (*Kelly* v. *Kane*, 34 Cal.App.2d 588, 591 [94 P. 384]) and in the light of relevant court decisions existing at the time of its enactment. (*Miller* v. *McColgan*, 17 Cal.2d 432, 439 [110 P.2d 419, 134 A.L.R. 1424].)

Although the automobile was still a phenomenon when section 367d was enacted in 1911, there was then nothing particularly new about intoxication and the causes and effects. At that time, so far as we can determine the word "intoxicated" had not been defined by any appellate court in this state. This being so, we must assume that the Legislature used the word in its commonly understood meaning as set forth in the standard dictionaries of that day. (*Muscolino* v. *Superior Court*, 172 Cal.App.2d 525 [341 P.2d 773].) Turning to those dictionaries we find that "intoxicated" is defined in the first edition of Webster's New International Dictionary of the English Language published in 1909 as: "Affected by an intoxicant; under the influence of an intoxicating

liquor or drug." The same dictionary defined the transitive verb "intoxicate" as: "To make drunk; to inebriate; to excite or to stupefy by strong drink or by a narcotic substance." The then current edition of Century Dictionary and Cyclopedia (vol. 5, p. 433) defined "intoxication" as: "The action of rendering stupid, insensible, or disordered in intellect, with a drug or alcoholic liquor." A similar definition is found in the New English Dictionary published in 1901 by the Clarendon Press at Oxford.

In our opinion, the word "intoxicated" was used in section 367d to describe the proscribed condition of the operator or driver of a motor vehicle. In view of the meaning of "intoxicated" as commonly understood at the time that section was enacted, we hold that a person is intoxicated within the meaning of that section whether that condition is brought about by the ingestion of intoxicating liquor or by the ingestion of a narcotic or nonnarcotic drug.[3]

Our understanding as to the meaning of the word "intoxicated" as used in section 367d of the Penal Code finds support in the cases interpreting section 22 of the same code which was enacted in 1872. That section provides that "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition," but that when the actual existence of any particular purpose, motive or intent is involved in the case, "the jury may take into consideration the fact that the accused was intoxicated at the time, . . ." In *People* v. *Lim Dum Dong* (1938) 26 Cal.App.2d 135 [78 P.2d 1026], a case involving a defense of intoxication as the result of habitual use of narcotics, the court said (p. 140): "Section 22 of the Penal Code, limiting the purpose for which evidence of voluntary intoxication may be considered by the jury, applies alike to all forms of voluntary intoxication whether it is induced by the inordinate use of liquor or narcotics. The same rule may be applied to temporary derangement of the mind caused by the excessive use of morphine or cocaine. (*People* v. *Sameniego,* 118 Cal.App. 165, 173 [4 P.2d 809, 5 P.2d 653]; 16 C. J. 110, sec. 88.) In the authority last cited it is said: 'If a person becomes temporarily insane through the voluntary

---

[3]That the defendant here apparently so understood the word is shown by the stipulation entered into by him on February 1, 1967, that the evidence to be introduced by the People at his second trial "would prove that the defendant was operating a motor vehicle on private property while intoxicated, [and that] said intoxication was due to a non-narcotic drug."

immoderate use of morphine, cocaine, or other drugs, not taken as a medicine, his responsibility would clearly seem to be the same as that of a person drunk from the voluntary use of intoxicating liquors.' '' This interpretation of section 22 was specifically approved in *People* v. *Baker,* 42 Cal.2d 550, 572 [268 P.2d 705], and was followed in *People* v. *Butler,* 205 Cal.App.2d 437, 439 [23 Cal.Rptr. 118].[4]

The meaning we have given to the word "intoxicated" as used in section 367d is also in accord with the decisions elsewhere. In *Commonwealth* v. *Detweiler,* 229 Pa. 304 [78 A. 271], the court said: "Intoxication from the voluntary excessive use of opium or any other drug taken to gratify the appetite is considered in the law the same as intoxication from the voluntary use of liquors." Also, as stated in *Bauer* v. *People,* 103 Colo. 449 [86 P.2d 1088]: "To prove that a person was intoxicated it is not necessary to prove the process, often a secret one, by which he got intoxicated." In *People* v. *Koch,* 250 App. Div. 623 [294 N.Y. Supp. 987], defendant had been convicted under a statute comparable to section 367d of the California Penal Code. Reversing his conviction, the court said (294 N.Y.Supp. 989) : "The statute contemplates voluntary intoxication. For medicinal purposes and to relieve headaches resulting from a fractured skull, the appellant took a drug known as luminol in liquid form, upon a physician's prescription. Inadvertently he indulged in an overdose thereof. This had an intoxicating effect upon him. The statute contemplates only voluntary intoxication resulting from imbibing alcoholic liquors or the voluntary taking into the system of other intoxicating agents; . . . We may take judicial notice of the circumstance that the Legislature intended to relieve persons on the highway of the menace of automobile drivers intoxicated by alcoholic beverages. . . . The term 'intoxication' includes also the condition produced by excessive use of agencies other than alcoholic liquor, when they are taken voluntarily. *Ring* v. *Ring, supra*

---

[4]The word "intoxication" is similarly interpreted in *Knickrihm* v. *Hazel,* 3 Cal.App.2d 721 [40 P.2d 305], a case arising under former section 141¾ of the Vehicle Act (now § 17158 of the Veh. Code), which provides that a guest who accepts a ride in any vehicle on a highway without giving compensation for the ride may not recover for injuries sustained during the ride unless he establishes that the injuries "resulted from the intoxication . . . of the driver." The court, at page 727, prefaced its discussion of the issue of intoxication there involved with the statement: "One of the definitions found in Webster's International Dictionary of the word 'intoxicated' reads as follows: 'Affected by an intoxicant; under the influence of an intoxicating liquor or drug.' ''

[112 Ga. 854 (38 S.E. 330)]; *Commonwealth* v. *Detweiler*, 229 Pa. 304 [78 A. 271]."

We are not unmindful of the fact that since section 367d was enacted in 1911, the Legislature has enacted many statutes providing that persons should not drive motor vehicles on the public highways while under the influence of intoxicating liquor or while under the influence of narcotic or nonnarcotic drugs. Since "intoxication" and being under the influence of some intoxicating agent are not synonymous (*People* v. *Haeussler*, 41 Cal.2d 252, 262 [260 P.2d 8]), we cannot say that the Legislature intended thereby to limit the meaning of the word "intoxicated" as used in section 367d as here urged by defendant. In this connection it is significant that when the Vehicle Code in its present form was enacted in 1959 (Stats. 1959, ch. 3), the Legislature did not repeal section 367d of the Penal Code, as recommended by the Law Revision Commission. (2 Cal. Law Revision Com. Rep. (1959) pp. E 5, E 17 and N 7.)

The order of the trial court dismissing the action is reversed and the action is remanded to that court for further proceedings.

Kaus, P. J., and Stephens, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 30, 1967.