106 N.J. Super. 577 (1969)
256 A.2d 319
THE STATE OF NEW JERSEY (SOUTH ORANGE), PLAINTIFF,
v.
CURT SIEGMEISTER, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided July 10, 1969.
*578 Mr. Benjamin A. Stanziale, Assistant Prosecutor, for the State (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
Mr. Norman E. Scull attorney for defendant.
YANCEY, J.C.C.
This is an appeal, pursuant to R.R. 3:10-1 et seq., from a decision of the South Orange Municipal Court, adjudging defendant guilty of having violated N.J.S.A. 39:4-50. N.J.S.A. 39:4-50 provides the following:
"A person who operates a motor vehicle while under the influence of intoxicating liquor or a narcotic or habit producing drug * * * shall be subject, for a first offense, to a fine of not less than two hundred nor more than five hundred dollars, or imprisonment for a term of not less than thirty days nor more than three months, or both, in the discretion of the magistrate, and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of two years from the date of his conviction. * * *"
The facts of this case arise out of an incident which occurred on October 10, 1968. At the hearing Officer James Russell of the South Orange Police Department testified that *579 on the evening of October 10 he observed defendant's car parked at a right angle to the curb, with part of the car protruding into traffic. Upon further investigation Officer Russell observed that defendant's pupils were dilated and that he staggered as he walked. At police headquarters Officer Russell further noted that defendant's speech was slurred and that he exhibited a general lack of physical coordination. However, the officer failed to detect any odor of alcohol emanating from defendant.
Next to testify was Dr. Rupert S. Hughes, who was summoned to police headquarters that same evening. Dr. Hughes testified that he performed a physical and neurological examination of defendant. Among the observations of Dr. Hughes were the following: defendant was noisy and confused, his clothing disheveled, his pupils dilated, he staggered when walking, he was slow to respond to directions, and his face and skin were pale. Based upon this examination Dr. Hughes concluded that the defendant was under the influence of an "intoxicating substance" and "not fit to operate an automobile." Asked to define the term intoxicating substance, Dr. Hughes stated that this would include drugs as well as alcohol. However, Dr. Hughes did not indicate the substance which had produced defendant's condition, other than to say that he detected no odor of alcohol on defendant.
Defendant testified that he had consumed no alcohol during the course of the evening. As for drugs, he said that he regularly took a drug known as meprobamate, which his physician prescribed. Defendant stated that he took approximately 600 milligrams of this drug every four hours, and that it had been prescribed as a result of his recent contraction of hepatitis.
Dr. Hughes explained that meprobamate is the chemical name for "Miltown" and "Equanil," which are tranquilizers. When questioned about the nature of this drug, Dr. Hughes indicated that it was not a narcotic, and that in his experience it could not be considered as a habit-forming drug, *580 although some medical literature referred to such drugs as potentially habit forming.
The burden of proof required to establish the guilt of a defendant in a prosecution under N.J.S.A. 39:4-50 was concisely stated in State v. Ingram, 67 N.J. Super. 21 (App. Div. 1961):
"A prosecution under N.J.S.A. 39:4-50 is a quasi-criminal proceeding. * * * Therefore the State has the burden of establishing the guilt of the defendant beyond a reasonable doubt." (at p. 37)
At the hearing the thrust of the State's evidence demonstrated that defendant was under the influence of some intoxicating substance at the time of his arrest. This conclusion is based upon the observations of Officer Russell and Dr. Hughes as to defendant's physical appearance and reactions.
However, the language of N.J.S.A. 39:4-50 is quite specific in its stipulation of the elements of the offense. The statute requires that the intoxicating substance influencing a defendant's behavior be either an intoxicating liquor, or a narcotic drug, or a habit-forming drug.
The significance of the failure of the State to prove that defendant was under the influence of a narcotic or habit-forming drug is seen in the testimony of Dr. Hughes. When questioned about the drug meprobamate which defendant admitted taking, Dr. Hughes stated that this drug was not a narcotic and that he did not find it to be habit-forming. Of an even greater salience was Dr. Hughes' affirmative response to the following question: "Are there any drugs outside of narcotics or habit-forming drugs which could produce symptoms we saw in this gentleman that night?"
The testimony of Dr. Hughes can only lead to the conclusion that there is a category of drugs which are neither narcotic nor habit-forming. Therefore, all drugs cannot be subsumed under the statutory language of N.J.S.A. *581 39:4-50. Since all drugs are not included in the statute, the State cannot merely show that a defendant is under the influence of some drug. Rather, the State must demonstrate that the drug used by defendant is a narcotic or habit-forming drug. Having failed to prove all elements of the offense, the State has not carried its burden of proof and the conviction of defendant is reversed.
The State argues that the proof that defendant was under the influence of some drug is sufficient to find guilt. As a basis for this assertion the State relies upon the case of People v. Fair, 254 Cal. App.2d 890, 62 Cal. Rptr. 632 (Ct. App. 1967), in which a California court ruled that an automobile operator is intoxicated when under the influence of a non-narcotic drug as well as a narcotic drug or alcohol.
However, the wording of the California statute in Fair was much less specific than N.J.S.A. 39:4-50. Section 367(d) of the California Penal Code provides:
"Any person operating or driving an automobile, motorcycle, or other motor vehicle who becomes, or is intoxicated while so engaged in operating or driving such automobile * * * shall be guilty of a misdemeanor."
The court in Fair had a much greater leeway in interpreting the meaning of the word "intoxicated" to include a nonnarcotic drug as well as narcotic drugs. Furthermore, the decision in Fair was dictated by the fact that the statute had been enacted in 1911, at a time when the use and knowledge of drugs were less prevalent in the society. On the other hand, the language of N.J.S.A. 39:4-50 limits the intoxicating substances included within the statute to alcohol, narcotic drugs, and habit-forming drugs.
A further indication that not all drugs are included in N.J.S.A. 39:4-50 is the fact that other New Jersey statutes deal with such drugs. For example, the term "narcotic" is defined in N.J.S.A. 24:18-2. As for non-narcotic drugs, they are covered in such statutes as N.J.S. 2A:170-77.8, which concerns barbiturates and prescription *582 drugs. Since the entire panoply of drugs is covered in various statutes, the New Jersey Legislature was evidently cognizant of the existence of such drugs and would have worded N.J.S.A. 39:4-50 with a sufficient specificity to include all such drugs, if that were its intention.
It is not an unknown concept for the courts to require that the State prove that a drug used by a defendant is within the statutory categories. Thus, in State v. Campisi, 23 N.J. 513 (1957), the court held that in a prosecution under N.J.S. 2A:170-8, it was insufficient to simply demonstrate that defendant had used any narcotic drug. Rather, the State had to demonstrate that defendant had used a narcotic drug as defined in N.J.S.A. 24:18-2. By the same token, in order to prove guilt under N.J.S.A. 39:4-50, the State could not just show that the defendant was under the influence of any drug. Instead, the State must prove that the drug influencing the behavior of the defendant was a narcotic or a habit-forming drug.
For the above reasons, the defendant is found to be not guilty.