ALLEN, Judge.
The issue presented in this workers’ compensation appeal is whether the surgical removal of a portion of a cervical disc is an “amputation” under Section 440.15(3)(a), Florida Statutes (1987). We agree with the determination of the judge of compensation claims that it is not. Accordingly, we affirm the order under review.
The appellant/claimant was injured in a compensable industrial accident on August 25, 1988. As a result of the injuries he sustained, he underwent a discectomy, a surgical removal of a portion of a cervical disc. The appellant’s physician determined that he had sustained a 7.5% permanent partial impairment to the body as a whole, due, at least in part, to the discectomy. Among the appellant’s claims for benefits was a claim for permanent impairment benefits under Section 440.15(3)(a), Florida Statutes (1987), which provides, in part, as follows:
1. In case of permanent impairment due to amputation ... there shall be paid to the injured worker the following:
a. Two hundred and fifty dollars for each percent of permanent impairment of the body as a whole from 1 percent through 10 percent....
Although the appellant had suffered a permanent impairment as a result of the dis-cectomy, the judge of compensation claims was of the view that the statutory term “amputation” did not include a cervical dis-cectomy. The judge therefore denied the *852 appellant’s claim for permanent impairment benefits.
In arguing on appeal that the judge was incorrect in her application of the statutory-language to the facts of this case, the appellant refers us to only one case: Morris v. C.A. Meyer Paving & Const., 516 So.2d 302 (Fla. 1st DCA 1987). The precise holding in Morris is that the surgical removal of an employee’s testicle is an "amputation” under the statute, and will be compensable thereunder, so long as the other statutory requisites are present. Significantly, appellant does not rely upon the holding, or ratio decidendi, of the case. See Goodhart, Determining the Ratio De-cidendi of a Case, 40 Yale L.J. 161 (1930). Rather, he relies upon portions of the rather extensive rationale and numerous expressions of abstract principles set forth in the opinion. The language upon which the appellant relies is obiter dictum. While it may very well provide useful material for the appellant’s argument, it is not binding precedent as to the issue before us.
In Morris we referred to dictionary definitions in reaching our conclusion that the surgical removal of a testicle is an amputation. Dictionary definitions are often useful in applying statutory terms which are of uncertain application to the facts of a particular case. Morris presented such a situation. While the surgical removal of a testicle is not as clearly an amputation as is the surgical removal of an arm or leg, a testicle is part of an external body organ which protrudes from the body as does a limb. Therefore, whether a testicle might be the subject of an amputation is a question over which reasonable persons might very well differ. Under the circumstances presented in Morris, it was appropriate to refer to dictionary definitions in resolving the question as to legislative intent. Such circumstances are not presented in the case before us.
It is a well established rule that statutory language should be accorded its common everyday meaning. Priest v. Plus Three, Inc., 447 So.2d 338 (Fla. 4th DCA), rev. denied, 453 So.2d 44 (Fla.1984). The common everyday meaning of the term “amputation” does not encompass the surgical removal of a portion of a small disc. We need not refer to dictionary definitions to know this, though one who does so will find much support for our conclusion. The judge of compensation claims was correct in denying the claim for permanent impairment benefits. The order is affirmed.
ERVIN and WOLF, JJ., concur.