ALLEN, Judge,
concurring in part and dissenting in part.
Although I agree that the appellant’s burglary conviction must be affirmed, I believe the appellant’s conviction for possession of burglary tools should be reversed. I would not construe the section 810.06 terms “tool, machine, or implement” to include a common glove.
Section 810.06, Florida Statutes, provides as follows:
*968 Possession of burglary tools. — Whoever has in his possession any tool, machine^ or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
It is axiomatic that words in a statute are to be given their common or ordinary meaning. Maryland Cas. Co. v. Sutherland, 125 Fla. 282, 169 So. 679 (1936); Zebley v. Stuart Nissan, 576 So.2d 851 (Fla. 1st DCA 1991); Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (Fla. 1st DCA 1963); Norman J. Singer, Sutherland Stat. Const. § 47.28 (4th Ed.1984). At least two rationales have been given for this rule of construction. One rationale is founded in considerations of due process, it being reasoned that the common citizen has a right to be fairly notified of the requirements of the law. This rationale is expressed in a Supreme Court opinion by Justice Frankfurter. “Legislation when not expressed in technical terms is addressed to the common run of men and is therefore to be understood according to the sense of the thing, as the ordinary man has a right to rely on ordinary words addressed to him.” Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, 618, 64 S.Ct. 1215, 1221, 88 L.Ed. 1488, 1496 (1944). A second rationale is that the legislature likely intended the words in their ordinary sense, therefore, “over-refined inquiries into the meaning of words” will often nullify the legislative purpose. See People v. Fair, 254 Cal.App.2d 890, 62 Cal.Rptr. 632 (1967).
During the sixteen years in which section 810.06 has been in its current form, the reported cases have upheld convictions for possession of an assortment of items. Convictions have been upheld for possessing items such as bolt cutters, tire tools, crow bars and screwdrivers. But my research has revealed no prior case upholding a conviction under the statute for possessing an item of personal apparel. I must confess that I am not surprised by the fruits of my research, for, until today, I had never considered that a glove, a hat, a dress or a shirt might be a “tool” under any circumstances. Likewise, I had never before understood such items to be “machines” or “implements.” Indeed, the majority acknowledge that “[t]he most common usage of the terms ‘tool, machine, or implement’ does not relate to gloves or other articles of clothing.”
It is my belief that almost no one would expect a common glove to be included within the terms “tool, machine, or implement.” I acknowledge that I was most surprised that the majority, even by reference to Merriam-Webster’s thirteen-pound, 2662-page, unabridged dictionary, were able to find authority for the term “implement” to include items of apparel. I note, however, that that reference work contains no suggestion that an item of apparel might be a “tool” or “machine.” And another Merriam-Webster dictionary, the 1563-page Webster’s Ninth New Collegiate Dictionary, makes no reference to items of apparel in defining “tool,” “machine,” or “implement.”
It seems to me that when a court must refer to a thirteen-pound dictionary to substantiate the construction placed upon an otherwise commonplace statutory term, the court is not applying the term in its common or ordinary sense. Rather, the court is engaging in “over-refined inquiries into the meaning of words,” and is thereby depriving the common man of his “right to rely on ordinary words addressed to him.”
Even recognizing the broader definition of “implement" discussed in the majority opinion, the doctrine of ejusdem generis nevertheless limits the meaning of the term within the context of the subject statute. The doctrine may be expressed as follows:
Where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.
Singer, Sutherland Stat. Const. § 47.17 (4th Ed.1984).
Section 810.06, Florida Statutes, contains the enumeration “tool, machine, or imple *969 ment.” Therefore, even though the word “implement” may have a more general meaning than the words “tool” and “machine,” the doctrine of ejusdem generis requires “implement” to be construed to embrace only objects similar in nature to a “tool” or “machine.” And, because a common glove is clearly not similar in nature to an object which might be referred to as a “tool” or “machine,” it should not come within the coverage of the statute.
Where the language of a penal statute is susceptible of differing constructions, it is the duty of a court to construe the statute most favorably to the accused. See Section 775.021(1), Florida Statutes, and Ex parte Amos, 93 Fla. 5, 112 So. 289, 298 (1927). Here, the majority’s construction of section 810.06 is not the only reasonable construction of the section. Another entirely reasonable construction limits the terms “tool, machine, or implement” to the common or ordinary meanings of those terms. And, as discussed above, this same alternative construction can be reached by applying the doctrine of ejusdem generis. Because the statute is susceptible of differing constructions, one favoring the state and one favoring the accused, we should adopt the construction most favorable to the accused.