PER CURIAM.
In this workers’ compensation case, the employer/carrier (e/c) challenge an award of amputation benefits for the surgical removal of appellee/claimant’s patella or kneecap. At issue is whether a patellectomy constitutes an “amputation” under section 440.15(3)(a), Florida Statutes (1987).[1] We conclude that this procedure does not constitute an amputation under the statute and reverse the award.
It is a well-established rule that statutory language should be accorded its common, everyday meaning. Zebley v. Stuart Nissan, 576 So.2d 851 (Fla. 1st DCA 1991). We need not resort to dictionary definitions to know that the common understanding of the term “amputation” does not encompass the surgical removal of a portion of the knee. See Id. (the common meaning of “amputation” does not include the surgical removal of part of a cervical disc).
In support of the amputation award, the claimant cites Morris v. C.A. Meyer Paving & Construction, 516 So.2d 302 (Fla. 1st DCA 1987). In Morris, we were forced to resort to dictionary definitions to determine whether the surgical removal of a claimant’s left testicle constituted an “amputation.” Although we concluded that the surgery was an amputation, the testicle at issue in Morris was a more distal body part than is the kneecap in the instant case. Hence, the removal of the testicle constituted an amputation, while a patellectomy does not.
Only distal portions of the body can be amputated in the ordinary sense of the term. Thus, to be amputated, a body part must be remote or at an extremity. Entering the body itself, in this case in the middle of the leg, to remove a part of the knee cannot reasonably be deemed an amputation.
Accordingly, the award of amputation benefits is REVERSED and the case is REMANDED.
BOOTH, MINER and WOLF, JJ., concur.

. The parties stipulated that the claimant sustained a 9% permanent impairment as a result of the patellectomy. Thus, the pertinent portion of § 440.15(3)(a) is as follows:
1. In case of permanent impairment due to amputation ... there shall be paid to the injured worker the following:
a. Two hundred and fifty dollars for each percent of permanent impairment of the body as a whole from 1 percent through 10 percent.