[Civ. No. 10648. Third Dist. Nov. 7, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. BLANCHE WILLIAMS et al., Defendants and Respondents.

Stanley Mosk, Attorney General, and Robert H. Connett, Deputy Attorney General, for Plaintiff and Appellant.

Hill & Hill and Clayton O. Rost for Defendants and Respondents.

SCHOTTKY, J.—Appellant brought an action to recover the costs of suppressing fires alleged to have been negligently and unlawfully set by respondents. A demurrer was sustained without leave to amend and appellant appeals.

The facts are those as alleged in the complaint. Appellant concedes that there are no additional or different facts which could be alleged upon which it could be shown that sustain-

ing the demurrer without leave to amend was an abuse of discretion.

During 1957 defendant Carl White operated a portable sawmill on land situated in Humboldt County and owned by defendants Gertrude Graham and Blanche Williams. Mr. White operated this mill to convert timber which he was cutting on the land into lumber and other commercial wood products. As he was allowed to do under subdivision (3) of section 4165 of the Public Resources Code, Mr. White accumulated the flammable waste materials from this mill operation in a pile rather than burning it concurrently with the milling. He failed, however, to properly clear grass, slash, snags and other flammable cover around the pile as required under subdivision (3) of section 4165, and the land was never cleared by the landowners. Mr. White failed to dispose of this pile of flammable mill waste by April 15, 1958, the year following the accumulation of waste, which is also required by subdivision (3) of section 4165.

During the winter of 1958 defendant Tony Juanarena, the employee of Miss Graham and Mrs. Williams, set fire to the waste pile. Still no clearance of the land was made and maintained around the burning pile. The waste pile continued to burn past April 15, 1959, the date when fire permits from the Division of Forestry are required for subsequent burning of this type under section 4153 of the Public Resources Code. During the period of the burning of this waste pile it was not continuously attended by any able-bodied adult, and its size was not regulated to prevent the fire escaping to the uncleared ground litter and growth around it.

On four separate occasions during July and August 1959 the waste-pile fire of the mill escaped to the surrounding vegetation and debris and became uncontrolled, and on each occasion the state, acting through its State Forester and Division of Forestry, had to come in and fight and suppress the fire and incurred in so doing a total expense of $6,365.55. The fires were extinguished before they spread from land or property owned by the defendants.

Appellant brought an action to recover the cost of suppressing the fires. The complaint contained four counts, each one seeking recovery of the fire suppression costs. While the complaint did not refer to sections 13007, 13008 and 13009 of the Health and Safety Code, appellant admittedly depends on those sections to support its right of recovery in each

count pleaded. Unless sections 13007-13009 of the Health and Safety Code create a right of recovery under the facts pleaded, the demurrer was correctly sustained.

Appellant contends that section 13009 of the Health and Safety Code, which incorporates sections 13007 and 13008 of the Health and Safety Code, allows recovery for fire suppression costs when the fire is confined solely to the land of the person who caused the fire; that section 13009 is not limited to the situation where the fire escapes to another's land. We are unable to agree with this contention.

Section 13007 of the Health and Safety Code provides: "Any person who personally or through another wilfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire."

Section 13008 of the Health and Safety Code provides: "Any person who allows any fire burning upon his property to escape to the property of another, whether privately or publicly owned, without exercising due diligence to control such fire, is liable to the owner of such property for the damages to the property caused by the fire."

Section 13009 of the Health and Safety Code provides: "The expenses of fighting any fires mentioned in sections 13007 and 13008 are a charge against any person made liable by those sections for damages caused by such fires. Such charge shall constitute a debt of such person, and is collectible by the person, or by the federal, state, county or private agency, incurring such expenses in the same manner as in the case of an obligation under a contract, expressed or implied."

The principal question to be determined upon this appeal involves a construction of sections 13007, 13008 and 13009, supra. In determining the meaning of a statute, the intent of the Legislature must be ascertained from the language of the enactment when the language is clear. (*Caminetti* v. *Pacific Mut. Life Ins. Co.*, 22 Cal.2d 344, 353 [139 P.2d 908].) When the language is plain and free from ambiguity, there is no need for interpretation. (*Caminetti* v. *Pacific Mut. Life Ins. Co.*, *supra*, pp. 353-354; *Lesem* v. *Board of Retirement*, 183 Cal.App.2d 289, 298 [6 Cal.Rptr. 608]; *Adoption of Thevenin*, 189 Cal.App.2d 245, 249 [11 Cal.Rptr. 219].) In such situations the only function of the

courts is to apply the terms of the enactment to the facts. (Code Civ. Proc., § 1858; *First Congregational Church* v. *County of Los Angeles*, 9 Cal.2d 591, 594 [71 P.2d 1106].) As stated in section 1858 of the Code of Civil Procedure, "In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; . . ."

As we view the matter, the language and meaning of Health and Safety Code section 13009 is quite clear and free from ambiguity. Section 13009 imposes liability for the costs of suppressing fires on "any person made liable by those sections [13007-13008] for damages caused by such fires." The only persons made liable under sections 13007-13008 are those who cause fires which escape to property belonging to others. Section 13009 plainly, on its face, does not extend liability to a person who causes a fire which is contained to his own land. To find liability under section 13009, when the fire is contained to the property of defendant, words would have to be read into the section which are not there. This we are not permitted to do. (*People* v. *Knowles*, 35 Cal.2d 175, 183 [217 P.2d 1].)

It must be borne in mind that the Legislature in the process of enacting legislation has the assistance and advice of a competent and highly trained legislative counsel. If the Legislature had intended to create liability when the fire is confined to the land of a defendant, it would have said so in sections 13007 and 13008. To hold the Legislature intended to make a defendant liable when the fire was confined to his own land would, in our opinion, be to insert what has been omitted by the Legislature.

Our conclusion that section 13009 does not create liability when fire is confined to the land of the defendant is supported by what was said in *County of Ventura* v. *Southern Cal. Edison Co.*, 85 Cal.App.2d 529, 539 [193 P.2d 512]. In referring to the previous statute on which section 13009 was based, without substantial change, the court stated: "Every owner of property, including appellant, is rendered immune from the statutory liability for fire suppression costs if the fire is confined to his own property, and is made subject thereto under specified conditions if the fire is not so confined." While the quoted statement is probably dictum, we believe it correctly states the law.

Appellant makes the further contention that section 13009

only incorporates those parts of sections 13007 and 13008 which refer to the setting of fires and does not incorporate the parts imposing liability; therefore anyone who causes any fire is liable under section 13009. This argument is unsound because by its own provisions section 13009 imposes liability only when there is liability under either section 13007 or 13008. Section 13009 make liable only "any person made liable by those sections."

No other points raised require discussion.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.