**UNITED STATES of America,
Plaintiff and Appellee,**

v.

**Roger Lytle MOREHART, Appellant.**

**No. 24992.**

United States Court of Appeals,
Ninth Circuit.

Aug. 27, 1971.

George E. Wise (argued), of Wise, Kilpatrick & Clayton, Long Beach, Cal., for appellant.

George R. Hyde (argued), Lands Div., Shiro Kashiwa, Washington, D. C., Robert Meyer, U. S. Atty., Thomas H. Coleman, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff and appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and FREY, District Judge.

CHAMBERS, Circuit Judge:

Morehart had "signed up" for some agricultural conservation money. He was to clear some of his land of brush. The government would pay him part of his cost.

While clearing the land, Morehart's mechanical equipment used in the process started a fire.[1] The forest service, with its own forces and the help of a municipal fire department, put out the fire on Morehart's ranch before it reached the adjoining national forest land. But the forest service acted out of self interest.

A jury found Morehart was negligent and the United States was entitled to recover $9,736.58, its damage or cost in getting the fire put out.

The jury was instructed on a negligence basis that would permit recovery, notwithstanding California fire laws. Evidently relying on the common law and United States v. Chesapeake & Ohio Railroad, 130 F.2d 308 (4th Cir. 1942), the trial court instructed the jury that:

> "A plaintiff whose property has been threatened with fire as a proximate result of a defendant's negligence is entitled to recover for expenditures made or harm suffered in a reasonable effort to control the spread of the fire to plaintiff's property."

Upon this theory the jury found for the United States.

---

1. Morehart's employee, Clampett, was clearing the brush with a bulldozer when the fire started a short distance behind the bulldozer. Evidence indicated that the bulldozer was equipped with a makeshift spark arrester which violated Cal. Pub.Res.Code § 4442.

Morehart relies on his construction of the California fire laws. In 1931 the California legislature passed "An act defining the civil liability for failure to control fire."[2] The California appellate courts interpret the act to supersede common law negligence liability. It is doubtful that Morehart's failure to control the fire would create a cause of action under the act because the fire did not spread to adjacent land. People v. Williams, 222 Cal.App.2d 152, 155, 34 Cal.Rptr. 806 (1963). Thus we find some trouble with the fire law of California in granting a recovery. The California courts or the legislature should handle the problem.

But we come out with the same result reached below. We do it this way: In our judgment the "government form" signed by Morehart was an offer by the government, and every bit of work done by Morehart was a *pro tanto* acceptance of the offer. We leave it to others to determine if the troublesome agreement was unilateral, bilateral, conditional, constructive or quasi. But to that contract we apply an implied-in-law covenant or condition that the work be performed in a workmanlike manner. See Kavalaris v. Anthony Bros., Inc., 217 Cal.App.2d 737, 32 Cal.Rptr. 205 (1963); Rowson v. Fuller, 230 S.W.2d 355 (Tex. Civ.App.1950); and Coryell v. Bluett, 251 Wis. 458, 29 N.W.2d 741 (1947)

The jury's verdict points to Morehart's violation of a duty owed the United States, and it fixed the damage.[3] Obviously there was proximate cause. Narrowly, the duty was to use a proper spark arrester on his bulldozer. Generally the duty was to perform in a workmanlike manner. See Langley v. Pacific Gas and Elec. Co., 41 Cal.2d 655, 662, 262 P.2d 846 (1953) and 5 Corbin Contracts § 1044 (1964 ed.).

Of course, it would be an unusual case where the government would be dam-aged by a rancher's failure to perform the job in a workmanlike manner. But this is such a case. We find the suit fits and we put it on.

Affirmed.

---

2. Pertinent portions are now codified in Cal.H. & S.Code § 13007, 13008 and 13009.

3. Obviously the whole expenditure was one in mitigation of damages that would have occurred had the fire remained unchecked.