TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-605 |
| of | : | |
| | : | November 2, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

RICHARD A. WILSON, DIRECTOR, DEPARTMENT OF FORESTRY AND FIRE PROTECTION, has requested an opinion on the following question:

Is a property owner who negligently sets a fire liable for the fire suppression costs incurred in fighting the fire if the fire remains confined to his or her own property?

CONCLUSION

A property owner who negligently sets a fire is liable for the fire suppression costs incurred in fighting the fire even if the fire remains confined to his or her own property.

ANALYSIS

Health and Safety Code section 13009, subdivision (a)[1] states:

"Any person . . . who negligently, or in violation of the law, sets a fire, allows a fire to be set, or allows a fire kindled or attended by him or her to escape onto any public or private property . . . is liable for the fire suppression costs incurred in fighting the fire and for the cost of providing rescue or emergency medical services, and those

_____

[1]All references hereafter to the Health and Safety Code are by section number only.

1.                                                                                              95-605

costs shall be a charge against that person. The charge shall constitute a debt of that person, and is collectible by the person, or by the federal, state, county, public, or private agency, incurring those costs in the same manner as in the case of an obligation under a contract, expressed or implied."

We are asked to determine whether section 13009 permits the recovery of fire suppression and related emergency costs if the fire is negligently started but does not escape onto another person's property. Does the phrase "to escape onto any public or private property" modify "sets a fire" and "allows a fire to be set"? If so, does one's own property constitute "any public or private property" for purposes of the statute?

In resolving the issues presented, we are mindful that "[w]hen interpreting a statute our primary task is to determine the Legislature's intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'" (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208-209.) "To discern legislative intent, we must examine the legislative history and statutory context of the act under scrutiny." (*Sands* v. *Superior Court* (1983) 34 Cal.3d 567, 570; accord, *Long Beach Police Officers Assn.* v. *City of Long Beach* (1988) 46 Cal.3d 736, 743.) "[I]t is well established that reports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain. [Citations.]" (*Hutnick* v. *United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 465, fn. 7.) "`The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.'" (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.) "We presume the Legislature intends to change the meaning of a law when it alters the statutory language . . . ." (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 461.) "[W]hen the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and acquiesced in the previous judicial construction." (*Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 734.)

Applying these rules of construction to the terms of section 13009, we find that the statute dates back to 1931 along with sections 13007 and 13008. (Stats. 1931, ch. 790, §§ 1-3; *United States* v. *Morehart* (9th Cir. 1971) 449 F.2d 1283, 1284.) Section 13007 provides:

"Any person who personally or through another wilfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire."

Section 13008 states:

"Any person who allows any fire burning upon his property to escape to the property of another, whether privately or publicly owned, without exercising due diligence to control such fire, is liable to the owner of such property for the damages to the property caused by the fire."

The costs associated with fighting a fire, the subject of section 13009,[2] have normally been paid out of general tax funds allocated to a public fire department; traditionally individuals who have caused the fires have not been charged. (See *City of Los Angeles* v. *Shpegel-Dimsey, Inc.* (1988) 198 Cal.App.3d 1009, 1018; *County of San Luis Obispo* v. *Abalone Alliance* (1986) 178 Cal.App.3d 848, 858-859.) By statute, however, fire suppression costs may be recovered from those responsible for such costs. (*People* v. *Southern Cal. Edison Co.* (1976) 56 Cal.App.3d 593, 603; *People* v. *Wilson* (1966) 240 Cal.App.2d 574, 576-577.) Section 13009 is such a statute, described in *People* v. *Southern Cal. Edison Co., supra,* 56 Cal.App.3d at 604, as "a compensatory statute for expenses incurred in fighting fires and is not intended to exact pecuniary punishment or a penalty against a person or entity liable under the statute. (*Gould* v. *Madonna* (1970) 5 Cal.App.3d 404, 407-408.)"

At one time, section 13009 allowed recovery only when the fire escaped to some other person's property. (*People* v. *Williams* (1963) 222 Cal.App.2d 152, 155-156; *United States* v. *Morehart, supra,* 449 F.2d at 1284.) Prior to 1971, section 13009 provided:

> "The expenses of fighting any fires mentioned in Section 13007 and 13008 are a charge against any person made liable by those sections for damages caused by such fires. . . ." (Stats. 1953, ch. 48, § 53.)

As previously quoted, sections 13007 and 13008 refer to fires that "escape to the property of another."

However, in 1971 the Legislature amended section 13009 to remove the limitation that the fire must burn someone else's property in order for the public agency to recover its costs. As amended (Stats. 1971, ch. 1202, § 1), section 13009 provided:

> "Any person who negligently, or in violation of the law, sets a fire, allows a fire to be set, or allows a fire kindled or attended by him to escape onto any forest, range or nonresidential grass-covered land is liable for the expense of fighting the fire, and such expense shall be a charge against that person. . . ."

In *People* v. *Southern Pacific Co.* (1983) 139 Cal.App.3d 627, 637, the court explained the purpose of the 1971 amendment as follows:

> "The present language of section 13009, subdivision (a) was the product of a 1971 amendment (Stats. 1971, ch. 1202, § 1, p. 2297). Prior to the amendment, section 13009 provided in pertinent part as follows: `The expenses of fighting any fires mentioned in Section 13007 and 13008 are a charge against any person made liable by those sections for damages caused by such fires.' (Stats. 1953, ch. 48, § 3, p. 682.)

---

[2]Section 13009.1, enacted in 1984, describes the particular costs recoverable and governs certain evidentiary matters in seeking recovery.

"The 1971 amendment was apparently a reaction to the decision in *People* v. *Williams* (1963) 222 Cal.App.2d 152, in which the state sought recovery for firefighting expenses incurred when a fire set by defendant upon his own property spread out of control, and burned acreage within his own property boundaries. The court held that since section 13009 was (then) limited to persons made liable under sections 13007 and 13008, it did `not extend liability to a person who causes a fire which is contained to his own land.' (*Id*., at p. 155.) The Legislative Counsel's Digest for Assembly Bill No. 1247 of 1971, which became the amendment to section 13009, states that [the] bill `[p]rovides that the expenses of fighting a fire are a debt of the person who negligently, or unlawfully sets the fire, allows it to be set, kindled, or to escape onto any forest, range, or nonresidential grass-covered land, rather than providing such liability only where the fire damages the property of another.'"[3]

The legislative history of the 1971 amendment fully supports the court's construction of section 13009 as set forth in the *Southern Pacific* case. For example, the purpose of the 1971 legislation was described in the report of the Assembly Committee on Judiciary dated May 3, 1971, as follows:

"Health & Safety C §§ 13007-13009 provide that any person is liable for damages caused to <u>another's</u> property on account of his negligently attended or started fires. The costs of fire suppression on such victim's property is also chargeable against the fire starter.

"AB 1247 makes a person who willfully, negligently or unlawfully burns <u>his</u> property liable for fire suppression expenses."

In 1982 the Legislature changed the phrase "forest, range, or nonresidential grass-covered land" in section 13009 to "public or private property." (Stats. 1982, ch. 688, § 1.) As explained in the report of the Assembly Committee of Energy and Natural Resources dated June 2, 1982, the purpose of the statutory amendment was as follows:

"<u>DIGEST</u>

"A.     <u>Background</u>.

"Under existing law (Health and Safety Code 13009), any person who negligently or unlawfully sets a fire, allows a fire to be set, or allows a fire to escape onto any <u>forest</u>, <u>range</u> or <u>nonresidential grass-covered land</u> is liable for the expense of fighting that fire.

---

[3]The court also concluded that the 1971 amendment was intended to deny recovery where there was an "absence of responsibility for the existence of the fire." (*Id*., at pp. 637-638.)

"B.    <u>Analysis</u>.

"<u>This bill</u> would allow recovery of fire suppression costs for fires set through negligent or unlawful acts on <u>any public</u> or <u>private property</u> (i.e., developed property as well as forest and grassland). . . .

"<u>STAFF COMMENTS</u>

<u>This bill's</u> sponsor, the County of Orange, argues that currently fire suppression costs may be recovered only when a fire occurs in forest or wildland areas. If a fire occurs in a nonwildland area (i.e., a developed area), recovery of county firefighting costs is not authorized."

Hence the 1982 amendment of section 13009 was intended to expand the geographical scope of liability for fire suppression costs. Liability may be established when the fire is allowed "to escape onto any . . . private property," including one's own.

Returning then to our original inquiries, we find that the phrase "to escape onto any public or private property" modifies "sets a fire" and "allows a fire to be set," and a landowner's own property may constitute "any . . . private property" for purposes of section 13009.[4]

We conclude that a property owner who negligently sets a fire is liable for the fire suppression costs incurred in fighting the fire even if the fire remains confined to his or her own property.

* * * * *

---

[4]In *City of Los Angeles* v. *Shpegel-Dimsey, supra*, 198 Cal.App.3d 1009, the court ruled that section 13009 was inapplicable to a 1980 fire that occurred at a plastics company in the City of Los Angeles. Although the fire started on the defendant's property and spread to adjacent properties including the city's, the defendant was not found to have started the fire. Also, since the fire occurred before the 1982 amendment of section 13009, the "forest, range, or nonresidential grass-covered land" qualification was applicable. The court concluded: "Clearly, defendant comes within none of the classes of persons held liable and plaintiff's property comes within none of the classes of property protected by section 13009, subdivision (a)." (*Id*., at pp. 1019-1020.) *Shpegel-Dimsey* thus may not be relied upon to bar recovery when a fire is negligently set by a property owner and escapes only to some other area of the property owner's land.