[Crim. No. 15758.  Second Dist., Div. Three.  Sept. 22, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
SONJA MADISON, Defendant and Appellant.

## COUNSEL

Paul E. Egan, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Suzanne E. Graber, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**COBEY, Acting P. J.**—Sonja Madison appeals from a judgment of conviction of simple battery, a misdemeanor. (Pen. Code, § 242.) The two grounds of appeal are: (1) Insufficiency of the evidence; and (2) the inclu-

sion in the superior court file of a summary report for own recognizance release. The appeal is without merit.

## THE FACTS

At approximately 5:50 p.m., March 4, 1968, L. R. Adams, an off-duty Los Angeles police officer in civilian clothes, employed as a security officer by the Broadway Department Stores, saw appellant enter the Crenshaw store. She was carrying a large straw purse. She proceeded immediately to the Misses' sportswear department, removed two dresses from the rack, rolled them up, and put them in her purse. She then walked across the store toward the exit. About 10 feet from the exit she saw Adams. She immediately turned around, went back to the sportswear section and removed another dress from the rack.

At this point Adams verbally identified himself to appellant as a Los Angeles police officer and displayed his police badge to her. He told appellant he would like to talk to her about the merchandise in her purse. She replied, "You're not talking to me" and walked rapidly to the dressing room. Adams followed her there where she opened her purse and threw the three dresses on the floor. Adams told her she was under arrest for shoplifting and that he was going to handcuff her. She thereupon told him to get out of her way and tried to get past him. She kicked Adams on the left leg and scratched him about the face and on his right hand as he was attempting to handcuff her.[1]

## SUFFICIENCY OF THE EVIDENCE

■ On this appeal this court must view the evidence most favorably to the People and presume in support of the judgment of conviction the existence of every fact which the trier could reasonably deduce from the evidence. (*People* v. *Redmond,* 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].) ■ "The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact; it is not whether guilt is established beyond a reasonable doubt." (*Idem,* p. 755.)

■ "A battery is any willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.)

■ Applying the foregoing law to the record in this case, the evidence of appellant's guilt of battery is plainly sufficient.

---

[1] Appellant's version of the incident was that she entered the store as a customer, was assaulted by Adams, whose identity was unknown to her, in the dressing room to which she had gone to try on the three dresses, and she scratched Adams in self-defense.

## THE INCLUSION OF THE RECOGNIZANCE REPORT
## IN THE SUPERIOR COURT FILE

■ At appellant's suggestion we have added to the record on appeal the superior court file, No. A-230707, in this case because it contains the summary report for own recognizance release. This report was obtained before the nonjury trial and was apparently in the file during the trial. Appellant argues that because of its adverse nature (particularly with respect to its inclusion of the Criminal Identification and Investigation Sheet or "rap sheet" which consists of a detailed list of appellant's many previous petty crimes, arrests and many aliases), it was prejudicially erroneous to have such a report in the file because the trial court may have seen and considered it before deciding on appellant's guilt.

This contention is without merit. We note first that the report was in existence because appellant had chosen to seek release on her own recognizance. We note secondly that at the time of the trial, May 23, 1968, there was no express statutory prohibition, as there is now generally,[2] against a judge reading or considering such information before taking a plea of guilty or otherwise determining the guilt of a defendant. There is, however, nothing in the record in this case indicating that the trial court was even aware of the existence of this report before finding appellant guilty. The trial itself was entirely a credibility contest between the arresting officer and appellant. The trial court, after considering the evidence, chose to believe the arresting officer. Nevertheless, even then, it did not find appellant guilty of the offense with which she had been charged, namely, battery upon a peace officer. Instead it found her guilty of a lesser necessarily included offense, simple battery. Under these circumstances we see no reason to assume that the trial court read or considered this report before making its finding of guilt in this case.

The judgment is affirmed.

Schweitzer, J., and Allport, J., concurred.

---

[2]Penal Code section 1204.5, effective on November 13, 1968, provides in relevant part: "In any criminal action, after the filing of any complaint or other accusatory pleading and before a plea, finding, or verdict of guilty, no judge of any court shall *read* or *consider* . . . any information reflecting the arrest or conviction record of a defendant, or any affidavit or representation of any kind, verbal or written, except as provided in the rules of evidence applicable at the trial, or with the consent of the accused given in open court, or affidavits in connection with the issuance of a warrant or the hearing of any law and motion matter, or any application for an order fixing or changing bail, or a petition for a writ." (Italics added.)

In view of this provision it would appear to be normally improper now to have this type of information in the case file when it is placed before the trial judge.