[No. A065396. First Dist., Div. One. July 29, 1994.]

ZERREL BREEDLOVE, Petitioner, v.
THE MUNICIPAL COURT FOR THE BAY JUDICIAL DISTRICT OF
CONTRA COSTA COUNTY et al., Respondents;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Charles H. James, Public Defender, David C. Coleman III, Chief Assistant Public Defender, and Ron Boyer, Deputy Public Defender, for Petitioner.

No appearance for Respondents.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Thomas A. Brady, Deputy Attorneys General, for Real Party in Interest.

OPINION

DOSSEE, J.—

BACKGROUND

Petitioner Zerrel Breedlove[1] seeks extraordinary relief to prohibit respondent Contra Costa County Municipal and Superior Courts from violating Penal Code section 1204.5[2] by reviewing a "pre-preliminary hearing" report or any other summary of the facts of his case or criminal record, prior to his entry of a plea or finding or verdict of guilt, and absent his consent. As will be seen, we grant the writ.

There is no dispute that the process challenged by Breedlove is a regular practice of respondent courts.[3] Since January 1, 1993, the Superior and Municipal Courts of Contra Costa County, as part of a criminal trial coordination program (Gov. Code, § 68112), have followed certain standard procedures. When a defendant charged with a felony appears in municipal court and pleads not guilty, three court dates are set: (a) a pre-preliminary hearing conference before one of the superior court judges, sitting as a magistrate, assigned to the coordination program; (b) a readiness conference set before the same superior court judge; and (c) a preliminary hearing set in the municipal court. The timing of the three varies according to whether the defendant has waived time. (§ 859b.)

At the pre-preliminary hearing conference the defendant is not present. Prior to the hearing, the probation department prepares a study, summarizing the police reports concerning the charged crime as well as the defendant's criminal history. This study is provided to defense counsel and the district attorney in advance of the pre-preliminary hearing when possible and is otherwise given to them by the judge at the hearing. Counsel may provide information to supplement or rebut the study at the conference, after which, the judge states a position regarding sentencing decisions involved in the case—i.e., suggests a negotiated disposition.

The district attorney, defense counsel and the defendant appear at the readiness conference. In theory, prior to that time defendant and counsel will

---

[1]We previously consolidated this case with that of another Contra Costa County criminal defendant, Charles Black, who sought identical relief. While the cases were pending here, Black pleaded guilty to misdemeanor charges, rendering his case moot. We have therefore dismissed it by a separate order.

[2]Further statutory references not otherwise specified are to the Penal Code.

[3]This petition and our writ are directed to both courts, as each participates in the challenged practice.

have discussed the judge's offer. If the defendant does not plead guilty at the readiness conference, the offer is withdrawn, and the preliminary hearing date is confirmed. That hearing does not involve the judge who extended and withdrew the offer, but if held to answer, the defendant later appears before that judge at arraignment in superior court. At that time, pretrial and readiness conferences are set before that judge.

Breedlove objected to the setting of the pre-preliminary hearing conference and pre-preliminary hearing readiness conference without his consent. His objection was overruled, and this petition followed. We stayed the then-pending conferences.

## DISCUSSION

■ Breedlove contends that the conference procedures employed by respondent courts violate section 1204.5.[4] That section prohibits a judge—prior to entry of a plea or a finding of guilt and absent a defendant's consent in open court—from reading or considering written reports of law enforcement personnel or witnesses, criminal record information, or other affidavits or representations not admissible under the rules of evidence at trial. Exceptions to this prohibition are explicit: such information may be considered in conjunction with issuance of a warrant, an application for a bail order, a writ petition, or a law and motion matter. Breedlove correctly argues that the pre-preliminary hearing conference and the readiness conference are not encompassed in the foregoing exceptions.

Section 1204.5 was enacted in 1968 (Stats. 1968, ch. 1362, § 1, p. 2599) in response to the concerns of some that many courts were then requiring prosecutors to file police reports and criminal records information together with criminal complaints, and that this information could improperly influence judges in their rulings prior to or during trial to the prejudice of a defendant. (*O'Neal* v. *Superior Court* (1986) 185 Cal.App.3d 1086, 1091 [230 Cal.Rptr. 257].) The bill was eventually sponsored by the State Bar, and when passed included well-defined exceptions to the prohibition on use of the specified information. (*O'Neal* v. *Superior Court, supra,* 185

---

[4]Penal Code section 1204.5 provides: "In any criminal action, after the filing of any complaint or other accusatory pleading and before a plea, finding or verdict of guilty, no judge of any court shall read or consider any written report of any law enforcement officer or witness to any offense, or any information reflecting the arrest or conviction record of a defendant, or any affidavit or representation of any kind, verbal or written, except as provided in the rules of evidence applicable at the trial, or with the consent of the accused given in open court, or affidavits in connection with the issuance of a warrant or the hearing of any law and motion matter, or any application for an order fixing or changing bail, or a petition for a writ."

Cal.App.3d 1086, 1092-1093.) Section 1204.5 has never been amended and only rarely discussed in appellate decisions.

Where, as here, the language of a statute is clear and unambiguous, our function is to apply its terms to the facts presented (*First Congreg. Church* v. *County of L.A.* (1937) 9 Cal.2d 591, 594 [71 P.2d 1106]). The People insist, however, that a literal reading of section 1204.5 will lead to absurd consequences unintended by the Legislature. (*People* v. *King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27]; *People* v. *Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420].) They point out that when section 1204.5 was enacted, negotiated dispositions in criminal cases were in a "limbo of dubious legality" (*People* v. *West* (1970) 3 Cal.3d 595, 608 [91 Cal.Rptr. 385, 477 P.2d 409]), making it unlikely that the Legislature even considered the obvious need for section 1204.5's prohibited information to effectuate the early resolution of cases. In the People's view, therefore, section 1204.5 must be read to state a general rule, but also to recognize an implied exception for any situation in which a judge has a reasonable need for the information. To accept this argument, however, would require us to ignore a basic tenet of statutory construction that where a statute states a general rule and lists exceptions to it, the exceptions must be strictly construed. (*Marrujo* v. *Hunt* (1977) 71 Cal.App.3d 972, 977 [138 Cal.Rptr. 220]; *City of National City* v. *Fritz* (1949) 33 Cal.2d 635, 636 [204 P.2d 7].)

Nor do cases cited by the People support the addition of unspecified exceptions to section 1204.5. In *People* v. *Madison* (1969) 3 Cal.App.3d 984, 987 [84 Cal.Rptr. 71]), the defendant objected to a judge's review of an "OR" (release on own recognizance) report. *Madison* was a pre-section-1204.5 case, and the defendant was deemed to have consented to preparation of the report when she requested release. The court, however, noted that after passage of section 1204.5 it would be better practice to keep the OR file out of the court file. (*People* v. *Madison, supra,* at p. 987, fn. 2.)

In *O'Neal* v. *Superior Court, supra,* a magistrate reviewed the defendant's record to set bail. Although no formal bail motion had been made, the court found that the bail exception specified in section 1204.5 applied, reasoning that section 1269b, subdivision (b) required the judge to set bail and that article I, section 12 of the California Constitution required consideration of the defendant's prior criminal record. (185 Cal.App.3d 1086, 1096.)

In *In re Walters* (1975) 15 Cal.3d 738 [126 Cal.Rptr. 239, 543 P.2d 607] our Supreme Court held that section 1204.5 was not violated when a municipal court judge read prohibited reports in conjunction with a defendant's request for a probable cause hearing (*Gerstein* v. *Pugh* (1975) 420 U.S.

103 [43 L.Ed.2d 54, 95 S.Ct. 854]). The court found that such a hearing was in the nature of a law and motion matter.

We next turn to the People's further argument that other statutes create exceptions to section 1204.5. Section 1000.6 involves domestic violence diversion, which is not at issue in this case. Code of Civil Procedure section 131.3 authorizes the probation department to prepare a report at the time of arrest "when so directed by the court." But it does not address the circumstances under which a court may use such a report beyond those listed in section 1204.5.

Section 1192.5, requiring a judge's initial, conditional approval of a proposed negotiated disposition, contemplates that the judge will be knowledgeable and informed about the case. Section 1204.5 is no barrier to the section 1192.5 process, however, since the defendant necessarily has consented to the court's involvement.

Government Code section 68112, requires courts to submit trial court coordination plans to the Judicial Council and sets certain parameters for such plans, including blanket cross-assignments of judges between municipal and superior courts. It contains nothing purporting to override section 1204.5 or any other substantive law. Likewise, rules of court providing for the prehearing conference assisted by a superior court judge challenged in this case (Cal. Rules of Court, rules 227.2, 227.6 and 227.10) do not purport to authorize a violation of section 1204.5, nor could they. (Cal. Const., art. VI, § 6; *People* v. *Wright* (1982) 30 Cal.3d 705, 712 [180 Cal.Rptr. 196, 639 P.2d 267]; *Robert S.* v. *Superior Court* (1992) 9 Cal.App.4th 1417, 1426 [12 Cal.Rptr.2d 489].)

## CONCLUSION

We agree that the policy reason advanced by the People to create an exception to section 1204.5 for the practice challenged here (the informed judicial assistance in the possible early resolution of criminal cases) is compelling. But this alteration of the section must be addressed to the Legislature, not to this court.[5] "In the construction of a statute . . . the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted. . . ." (Code Civ. Proc., § 1858.)

---

[5]Breedlove's arguments concerning the due process implications of such a further exception to section 1204.5 and on counsel's ability to competently represent a defendant are likewise arguments to be presented, in the first instance, to the Legislature.

Let a peremptory writ of prohibition issue restraining respondents County of Contra Costa Municipal and Superior Courts from reviewing any rendition or representation of Zerrel Breedlove's criminal records, any pre-preliminary hearing reports or studies, police reports, or any other summary of the facts of the charged case (Mun. Ct., Bay Judicial Dist., Contra Costa County, No. 127985-0) in violation of Penal Code section 1204.5.

The stay previously imposed shall remain in effect until the finality of this opinion.

Strankman, P. J., and Stein, J., concurred.